IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **Walter Krantz**, | ) Civil Action No.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) **COMPLAINT** |
| **KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation,** | ) |
| | ) (JURY TRIAL DEMANDED) |
| Defendant. | ) |

The Plaintiff complaining of the Defendant, above named, would respectfully show unto this Honorable Court as follows:

### *JURISDICTION*

1. The Plaintiff is a citizen and resident of the State of South Carolina.

2. The Defendant is, upon information and belief, a corporation organized and existing under the laws of one of the States of the United States other than South Carolina; that its principle place of business in Florida where, at all times relevant hereto was engaged in the business of designing, manufacturing, and selling ladders, including aluminum extension ladders; that among other places the Defendant's products were sold and was distributed within the State of South Carolina.

3. That upon information and belief the Defendant KLI, Inc. is also known as KLI Global, Inc. and uses said designation for business operations in the State of Florida. That the Defendant KLI, Inc. was originally incorporated as Keller Ladders, Inc.

But at some time prior to the commencement of this litigation, changed the corporate name to KLI, Inc.

4. That the ladder specifically referenced in paragraph 6 was upon information and belief designed, manufactured, and sold by either the Defendant KLI, Inc., Keller Ladders, Inc., or Keller Industries, Inc. Further, if the ladder was designed, manufactured, or sold by Keller Industries, Inc., the Defendant KLI, Inc. f/k/a Keller Ladders, Inc. became the successor corporation and purchased both assets and assumed liabilities of Keller Industries, Inc. for all ladders it designed, manufactured, or sold, including the specific ladder referred to in paragraph 6.

5. That this court has jurisdiction by virtue of diversity of citizenship and that the amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

*FACTS*

6. That at some time before January 4, 2007, the Defendant designed, manufactured, and sold a thirty-two foot aluminum extension ladder designated as a Type II extension ladder, 3500 series, Model 3532.

7. This extension ladder was purchased by Mr. Jeff Bomer who, at all times relevant, resided at 326 N. Valley View Drive, in Taylors, South Carolina.

8. On or about January 4, 2007 the Plaintiff, while doing some repair work at this home located in Taylors, used the extension ladder to reach the roof of the residence in order to perform maintenance on a leaky roof.

9. As the Plaintiff was on the roof, he called to a co-worker to hold the ladder so he could descend. While waiting on this co-worker to arrive, the Plaintiff used the top of the ladder, which extended above the roof line, to place his hands for support. At

that moment the ladder malfunctioned by the extension portion retracting or telescoping down, causing the Plaintiff to fall off the ladder, strike the ground, resulting in his sustaining serious injuries set forth later herein.

## *FOR A FIRST CAUSE OF ACTION*

(Strict Liability in Tort)

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. The Defendant had a duty to design, test, manufacture, assemble, and inspect its ladders so as not to subject purchasers and/or users to an unreasonable risk of harm through a product which was in a defective and unreasonably dangerous condition.

12. The Defendant breached this duty in one or more of the following ways:

   a. The design of the locking mechanism to secure the extension portion of the ladder in place was defective and did not operate as a reasonable consumer would expect.

   b. The manufacture of the locking mechanism used to secure the base and extension section of the ladder was defective and unreasonably dangerous.

   c. In defectively designing the locks securing the extension portion of the ladder to the base portion of the ladder; thus allowing the extension portion of the ladder to move downward or telescope downward during normal operation.

   d. In defectively manufacturing the locks securing the extension portion of the ladder to the base portion of the ladder; thus allowing

       the extension portion of the ladder to move downward or telescope downward during normal operation.

   e.   In failing to test the locks securing the extension portion of the ladder to the base portion of the ladder; thus allowing ladders to be sold that would not secure the extension part of the ladder.

   f.   In failing to provide adequate warnings of danger or instructions of the dangers described above; said acts being in violation of the Statute Laws of the State of South Carolina and cases made and provided.

### *FOR A SECOND CAUSE OF ACTION*

(Negligence)

13.   That Paragraphs 1 through 12 are incorporated herein by reference.

14.   That the Defendant had a duty to exercise reasonable care to design, test, manufacture, and sell a reasonably safe extension ladder so as not to subject the ultimate consumers to an unreasonable risk of harm.

15.   That the Defendant breached this duty in designing, manufacturing, testing, and selling a defective and unreasonably dangerous extension ladder in one or more of the following particulars:

   a.   In designing a ladder with a locking mechanism that was unreasonably dangerous;

   b.   In causing to exist certain manufacturing defects within the locking mechanism of the extension ladder that made said ladder unreasonably dangerous;

    c.    In failing to inspect and test and, therefore correct the defective and unreasonably dangerous condition of the ladder;

    d.    In failing to properly warn the Plaintiff or other ultimate users of the dangers inherent in the design and manufacture of the ladder.

    e.    In misrepresenting to the public that the extension ladder was reasonably safe for its operation and intended use.

### FOR A THIRD CAUSE OF ACTION

(Breach of Warranty)

16. That Paragraphs 1 through 15 are incorporated herein by reference.

17. By designing, testing, manufacturing and selling this defective and unreasonably dangerous extension ladder, the Defendant breached its implied warranties and its express warranties of fitness for a particular purpose and merchantability under South Carolina law.

18. As a direct and proximate result of the aforementioned acts which constituted strict liability, negligence, reckless, wilfulness, and breach of warranties, the Plaintiff suffered multiple injuries and fractures to his right arm, leg and back, conscious pain and suffering, medical expenses, including hospitalizations, together with the costly expense of several physicians; that further, the Plaintiff sustained a loss of earnings as a result of his injuries; that furthermore, the Plaintiff continues to suffer from pain and discomfort as a result of his injuries and is informed and believes that the same will continue indefinitely, all to the Plaintiff's loss and damage in a sum to be determined by the jurors for actual and punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined by the jury for both actual and punitive damages.

> Respectfully submitted,
>
> s/Douglas F. Patrick
>
> _____
> Douglas F. Patrick (I.D. #300)
> Covington, Patrick, Hagins,
>     Stern & Lewis, P.A.
> P. O. Box 2343
> Greenville, SC  29602
> (864) 242-9000
>
> s/John D. Kassel
>
> _____
> John D. Kassel, Fed. ID 2278
> Theile B. McVey, Fed. ID 7614
> John D. Kassel, Attorney At Law, LLC
> 1330 Laurel Street
> Post Office Box 1476
> Columbia, South Carolina 29202
> 803.256.4242

**Attorneys for Plaintiff**

June18 , 2009
Greenville, South Carolina

PLAINTIFF DEMANDS TRIAL BY JURY.