IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Walter Krantz, | ) | **C.A. NO.:** |
| Plaintiff, | ) | |
| | ) | **RULE 26.01 INTERROGATORIES** |
| v. | ) | |
| | ) | |
| KLI, Inc. D/b/a KLI Global, Inc., f/k/a | ) | |
| Keller Ladders, Inc., f/k/a KUA Corp., | ) | |
| f/k/a Keller Industries, Inc., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant | ) | |

Pursuant to Rule 26.01 of the Federal Rules of Civil Procedure, Plaintiff responds to Local Rule Interrogatories as follows:

**A.** **State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.**

**Response**: As Plaintiff had no health insurance, all medical bills are outstanding and are in excess of $800,000.00.

**B.** **As to each claim, state whether it should be tried jury or non-jury and why.**

**Response**: All claims should be tried jury..

**C.** **State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.**

**Response**: The party submitting these responses is not a publicly owned company.

**D.** **State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the**

   **division).**

Response:   Venue is appropriate in he Greenville Division because the accident occurred in Greenville County.

E.   **Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

Response:   Yes. This case is substantially similar to a prior products liability action filed by Plaintiff counsel against the same defendant and involving the identical series and model extension ladder; 8:03-3596-26.

Respectfully submitted,

s/Douglas F. Patrick
_____
Douglas F. Patrick (I.D. #300)
Covington, Patrick, Hagins, Stern & Lewis
P. O. Box 2343
Greenville, SC  29602
(864) 242-9000
(864) 233-9777 (fax)

s/John D. Kassell
John D. Kassell, Fed. ID 2278
Theile B. McVey, Fed. ID 7614
John D. Kassell, Attorney At Law, LLC
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202
803.256.4242
**Attorneys for Plaintiff**

June 18, 2009
Greenville, South Carolina