IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Walter Krantz, | ) | C.A. No. 6:09-cv-01623-HFF |
| | ) | |
| Plaintiff, | ) | **ANSWER** |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, KLI, Inc., formerly known as Keller Ladders, Inc. (hereinafter referred to as "KLI"), answering the Complaint of the Plaintiff, would respectfully show unto the Court as follows.

## **FOR A FIRST DEFENSE**

1. Each and every allegation not expressly admitted is denied.

2. The allegations of Paragraph 1 of Plaintiff's Complaint are admitted upon information and belief.

3. As to Paragraph 2 of Plaintiff's Complaint, KLI admits that it is incorporated in Delaware and that its principal place of business is in California. KLI denies that it designs, manufactures and sells ladders and avers that it ceased those functions in 1999 and further avers that it did not design, manufacture or sell the ladder which is the subject of this lawsuit. Defendant KLI denies the remaining allegations and demands strict proof thereof.

4. In response to Paragraph 3 of Plaintiff's Complaint, Defendant denies that it is currently known as or uses the trade name "KLI Global, Inc." or that said designation is currently being used for business operations in the State of Florida. Defendant KLI further denies that it was originally incorporated as Keller Ladders, Inc. and avers that it was formerly known as Keller Ladders, Inc. and has since changed its corporate name to KLI, Inc.

5. In response to Paragraph 4 of Plaintiff's Complaint, Defendant denies that KLI, Inc. designed, manufactured, or sold the ladder represented by Plaintiff to be the subject ladder and avers that the subject ladder, as represented in photographs provided by Plaintiff's counsel, was manufactured by Keller Industries, Inc. Further, Defendant avers that KLI, Inc. purchased certain assets and assumed certain liabilities of the ladder division of Keller Industries, Inc. on July 19, 1996 and expressly denies that it assumed liabilities for all ladders designed, manufactured or sold by Keller Industries, Inc., including the subject ladder if designed, manufactured or sold by Keller Industries, Inc. and denies it is a successor corporation to Keller Industries, Inc.

6. In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits that this court has jurisdiction by virtue of diversity of citizenship and avers that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, costs and interest.

7. In response to Paragraph 6 of Plaintiff's Complaint, Defendant KLI denies that it designed, manufactured or sold a Model 3532 ladder prior to January 4, 2007, which is the subject of this suit and avers that Keller Industries, Inc. designed,

manufactured and sold the Model 3532 ladder which is represented in photographs provided by Plaintiff's counsel.

8. Defendant KLI denies the allegations of Paragraph 7 of Plaintiff's Complaint and demands strict proof of same.

9. Defendant KLI denies the allegations of Paragraph 8 of Plaintiff's Complaint for lack of knowledge and demands strict proof of same.

10. In response to the allegations of Paragraph 9 of Plaintiff's Complaint, Defendant KLI admits only, upon information and belief, that Plaintiff was injured when he fell off a roof. KLI denies the remaining allegations of Paragraphs 9 of Plaintiff's Complaint and demands strict proof of same.

11. In response to Paragraph 10 of Plaintiff's Complaint, KLI incorporates the preceding responses, not inconsistent herewith, as if fully set forth herein.

12. In response to Paragraph 11, Defendant KLI denies that it had a duty to design, test, manufacture, assemble or inspect the ladder represented by Plaintiff to be the subject ladder. KLI specifically denies that KLI designed, tested, manufactured and/or sold the subject ladder.

13. KLI denies the allegations of Paragraph 12 of Plaintiff's Complaint, including its subparts (a) through (f) and demands strict proof of same.

14. In response to Paragraph 13 of Plaintiff's Complaint, KLI incorporates the preceding responses, not inconsistent herewith, as if fully set forth herein.

15. In response to Paragraph 14 of Plaintiff's Complaint, Defendant KLI denies that it had any duties whatsoever with respect to the ladder represented by Plaintiff

to be the subject ladder. KLI specifically denies that KLI designed, tested, manufactured and/or sold the subject ladder.

16. KLI denies the allegations of Paragraph 15 of Plaintiff's Complaint, including its subparts (a) through (e) and demands strict proof of same.

17. In response to Paragraph 16 of Plaintiff's Complaint, KLI incorporates the preceding responses, not inconsistent herewith, as if fully set forth herein.

18. KLI denies the allegations of Paragraph 17 of Plaintiff's Complaint and demands strict proof of same.

19. KLI denies the allegations of Paragraph 18 of Plaintiff's Complaint and demands strict proof of same.

20. KLI denies the allegations of Paragraph Plaintiff's Prayer for Relief (unnumbered paragraph) and demands strict proof of same.

### FOR A SECOND DEFENSE
(Comparative Negligence)

21. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

22. The injuries of the Plaintiff are the sole, direct and proximate result of the Plaintiff's own negligence, recklessness, carelessness, willfulness and wantonness in one or more of the following particulars:

    (a) in failing to heed any warning labels that may have existed on the ladder at issue and determine the precautions which should have been taken in the event the Plaintiff chose to climb the ladder;

    (b) in failing to inspect the ladder to insure that it functioned properly before use;

  (c) in failing to ensure that any co-worker used the ladder properly and safely;

  (d) in failing to make himself aware of the proper function of the ladder, or, if he was unaware, in failing to inform himself before climbing the ladder;

  (e) in assuming the known and/or open and obvious risks of failing to properly use the ladder; and

  (f) in otherwise failing to exercise ordinary, reasonable and prudent care for Plaintiff's own safety under the circumstances then and there prevailing.

All of which are contrary to the common and statutory laws of the State of South Carolina.

23. The foregoing acts of negligence, carelessness, recklessness, willfulness and wantonness on the part of the Plaintiff were the proximate and direct cause of the damages complained of by the Plaintiff. Such negligence, carelessness, recklessness, willfulness and wantonness acted as a 50% or greater proximate cause of the Plaintiff's damages, if any, and this defense of comparative negligence is pled as a complete and total defense to the claims of the Plaintiff.

24. Even if KLI was negligent, which is expressly denied but admitted solely for the purposes of this defense, and if such conduct on the part of the KLI operated as a 50% or greater proximate cause of the accident and the Plaintiff's damages, KLI is entitled to a determination as to Plaintiff's negligence, carelessness, recklessness, willfulness and wantonness which contributed to the accident and to a reduction of any

amount awarded to the Plaintiff in an amount equal to that percentage of Plaintiff's negligence, carelessness, recklessness, willfulness and wantonness.

### FOR A THIRD DEFENSE
(Assumption of the Risk)

25.     The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

26.     The injuries or damage suffered by the Plaintiff, if any, were due to or caused by and were the direct and proximate result of Plaintiff's own conduct, and the Plaintiff knew or the danger or should have known of the danger and understood and appreciated the risk of harm and nevertheless voluntarily exposed himself to the danger and thereby assumed the risk in connection with the damages alleged to have given rise to the present claims and such constitutes a complete defense to the claims of the Plaintiff.

### FOR A FOURTH DEFENSE
(Intervening/Superseding Negligence)

27.     The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

28.     The injury or damage suffered by the Plaintiff was due to and caused by and was the direct and proximate result of the intervening and superseding negligence, willfulness, wantonness and recklessness of individuals who are at this time unknown, but which will be revealed in discovery, and the conduct or omissions of those individuals resulted directly and proximately in the damage of which Plaintiff now complains and such constitutes a complete defense to the claims of the Plaintiff.

### FOR A FIFTH DEFENSE
(Spoliation of Evidence)

29.     The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

30.     That the Plaintiff or others on his behalf have destroyed or allowed to be destroyed by his own acts or omissions, evidence which includes, but is not limited to, the operation of the ladder in question which allegedly caused Plaintiff's injury. The significant and meaningful alteration of the ladder constitutes an obstruction of justice and, therefore, is a complete defense to Plaintiff's claims under any theory of Federal law.

## FOR A SIXTH DEFENSE
(Compliance with Industry Standards / State of the Art)

31.     The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

32.     The ladder which has been represented to be the accident ladder complied with industry, government, and/or state-of-the-art standards and customs in design, manufacture and/or distribution of ladders and was not defective. As such, this is a complete defense to all the claims of the Plaintiff.

## FOR A SEVENTH DEFENSE
(Misuse)

27.     The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

28.     That the Plaintiff and/or any users or consumers of the ladder may have created a defect or discovered a defect, and being aware of such danger, nevertheless proceeded unreasonably to make use of the ladder which caused the injury to the Plaintiff. Such misuse or allowing others to misuse is a bar to the Plaintiff's claims under

South Carolina Code Section 15-73-20 and constitutes a complete bar to the claims of the Plaintiff.

## FOR AN EIGHTH THIRTEENTH DEFENSE
(Modification / Alteration)

29. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

30. KLI alleges that the product in question was not in a defective or unreasonably dangerous condition at the time it was sold and/or distributed. To the extent that the product in question is found to be defective and/or unreasonably dangerous, KLI alleges that the condition is the result of changes, alterations and/or modifications that were made to the product after it left the care, custody and control of the manufacturer. Therefore, the claims of the Plaintiff should be barred and dismissed.

## FOR A NINTH DEFENSE
(Failure of Right to Cure)

31. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

32. To the extent that the ladder is shown to contain a defect or malfunction, as a result of some action or inaction of the manufacturer, the Plaintiff did not allow the manufacturer a reasonable number of attempts to remedy said defects and his claim should be barred.

## FOR A TENTH DEFENSE
(Failure of Notice)

33. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

34. To the extent that the ladder is shown to contain a defect or malfunction, as a result of some action or inaction of the manufacturer, the Plaintiff has failed to give proper notice of the alleged defects to the manufacturer pursuant to the South Carolina Uniform Commercial Code, or any other applicable state or Federal statute.

**FOR AN ELEVENTH DEFENSE**
(Failure to Rescind Purchase)

35. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

36. To the extent that the purchaser of the ladder did not elect to rescind the sale, but instead accepted the ladder in question, and has not notified the manufacturer of any alleged breach of warranty within a reasonable time after such alleged breach was discovered or should have been discovered, and has not tendered the ladder to the manufacturer or KLI, the Plaintiff is barred from any remedy by failure to give notice of such alleged breach within a reasonable time.

**FOR A TWELFTH DEFENSE**
(Negligence/Misuse by Employer)

37. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

38. Plaintiff's employer, upon information and belief, was negligent, reckless, willful and wanton and/or misused said ladder and/or failed to properly maintain the ladder to protect Plaintiff and/or to warn the Plaintiff. These acts on the part of Plaintiff's employer are pled as intervening acts which would bar any claim by Plaintiff.

**FOR A THIRTEENTH DEFENSE**
(Negligence of Employer – Set-off)

39.	The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

40.	Plaintiff's employer, upon information and belief, was negligent, reckless, willful and wanton and/or misused said product and/or failed to properly maintain the ladder to protect Plaintiff and/or to warn the Plaintiff. Plaintiff's employer is required to make contribution in the event of a judgment against the Defendant, or, in the alternative, Defendant is entitled to a setoff, because of employer's negligence and/or recklessness pursuant to the statutory and workers' compensation laws of the State of South Carolina, including, but not limited to South Carolina Code Section 42-1-580 (1976).

## FOR A FOURTEENTH DEFENSE
(Sophisticated User)

41.	The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

42.	KLI avers that the ladder was purchased by Plaintiff's employer, a sophisticated user of ladders that was knowledgeable about the accident ladder, its design, warnings and/or safety features and the employer's knowledge would be imputed to the Plaintiff under the "sophisticated user" doctrine. The knowledge and information which Plaintiff's employer had with regard to the particular circumstances in which the product would be used and an ability to make an informed judgment concerning the same, would be imputed to the employees and would insulate KLI from liability to the Plaintiff. This defense of Sophisticated User acts as a complete and absolute defense to the claim of the Plaintiff.

## FOR A FIFTEENTH THIRD DEFENSE
(Unconstitutionality of Punitive Damages)

GREENVILLE 1204864.1                                  10

43. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

44. An award of punitive damages against KLI will violate the rights guaranteed to it by the Constitution of the Federal for the following reasons:

    (a) Any award of punitive damages violates the prohibition against excessive fines found in Article I, Section 15 of the Constitution of South Carolina;

    (b) Any award of punitive damages violates the guarantee of due process found in Article I, Section 3 of the Constitution of South Carolina because of the lack of objective guidelines on which a jury might base its award and further that such guidelines as do exist are arbitrary and void for vagueness.

### FOR A SIXTEENTH DEFENSE
(Unconstitutionality of Punitive Damages)

45. The allegations of the preceding defenses are incorporated herein and made a part of this defense by reference.

46. An award of punitive damages against KLI will violate the rights guaranteed to it by the Constitution of the United States for the following reasons:

    (a) Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to them by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States;

     (b)     Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award and further that such guidelines as do exist are arbitrary and void for vagueness.

### FOR A SEVENTEENTH DEFENSE
(Punitive Damages not Assumed)

47.    KLI, f/k/a Keller Ladders, Inc. purchased certain assets and assumed certain products liabilities of the ladder division of Keller Industries, Inc. on July 19, 1996; notwithstanding that fact, Keller Ladders, Inc. did not assume any liability for damages which are punitive or exemplary in nature or arise out of any statutory cause of action which gives rise to any damages which are penal in nature.

WHEREFORE, having fully answered the Complaint of the Plaintiff, KLI, Inc., formerly known as Keller Ladders, Inc., respectfully prays that the Complaint of the Plaintiff be dismissed with costs, and for such other and further relief as this Court deems just and proper.

           s/ Zandra L. Johnson
           Kurt M. Rozelsky (Fed. Bar #6299)
           Zandra L. Johnson (Fed. Bar #9219)
           SMITH MOORE LEATHERWOOD LLP
           300 East McBee Avenue, Suite 500
           Post Office Box 87
           Greenville, SC  29602-0087
           (864) 242-6440/ (864)240-2498
           Kurt.Rozelsky@smithmoorelaw.com;
           Zandra.Johnson@smithmoorelaw.com
           ATTORNEYS FOR DEFENDANT KLI

September 16, 2009