IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| Walter Krantz, | ) | C.A. No. 6:09-cv-01623-HFF |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **DEFENDANT'S ANSWERS TO LOCAL** |
|  | ) | **RULE 26.01 INTERROGATORIES** |
| KLI, Inc., d/b/a KLI Global, Inc., f/k/a | ) |  |
| Keller Ladders, Inc., f/k/a KUA Corp., | ) |  |
| f/k/a Keller Industries, Inc., a foreign | ) |  |
| corporation, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The Defendant, KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation (hereinafter referred to as "KLI"), by and through its undersigned counsel, files its responses to Local Rule 26.01 DSC Interrogatories, as follows:

(A)    State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER**:  **Plaintiff's employer's workers' compensation insurance company, which is unknown to Defendant at this time, may possess a lien on any recovery by virtue of its subrogated interest in Krantz's claim.**

(B)    As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER: This action involves several factual issues and therefore is appropriately triable by a jury.**

(C)    State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary,

partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER: KLI, Inc., formerly known as Keller Ladders, Inc. is an indirectly wholly-owned subsidiary of Jacuzzi Brands, Inc., which is not a publicly owned company.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER: Defendant does not challenge the appropriateness of the division asserted by Plaintiff and consequently agrees that venue in this district is proper pursuant to 28 U.S.C. Section 1391(a), (c), and (d).**

(E)     Is this action related in whole or in part to any other matter filed with this District, whether civil or criminal?  If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges?

**ANSWER: There are no actions filed in this district which are related to the present action.**

(F)     If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleadings reflecting the correct identification.

**ANSWER**:     **Defendant KLI, Inc. is properly identified. However, KLI, Inc. denies that it manufactured the ladder which is the subject matter of this lawsuit.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER**:     **Defendant contends that Plaintiff is responsible for the damages asserted in the Plaintiff's Complaint. Defendant further reserves the right to amend and/or supplement this response should discovery reveal information suggesting that some other person or legal entity is liable, in part or whole.**

 s/ Zandra L. Johnson
Kurt M. Rozelsky (Fed. Bar #6299)
Zandra L. Johnson (Fed. Bar #9219)
SMITH MOORE LEATHERWOOD LLP
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC  29602-0087
(864) 242-6440/ (864)240-2498
Kurt.Rozelsky@smithmoorelaw.com;
Zandra.Johnson@smithmoorelaw.com
ATTORNEYS FOR DEFENDANT KLI

September 16, 2009