IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Walter Krantz, | ) | C.A. No. 6:09-cv-01623-HFF |
|     Plaintiff, | ) | |
| vs. | ) | **KLI, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST KELLER LADDERS, INC.** |
| KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., and Keller Industries, Inc., | ) | |
|     Defendant. | ) | |

The Defendant, KLI, Inc., formerly known as Keller Ladders, Inc., f/k/a KUA Corp. (incorrectly identified as "KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc.") (hereinafter referred to as "KLI"), respectfully responds to Plaintiff's recently filed Motion for Default Judgment against Keller Industries, Inc. By so responding, Defendant KLI, Inc. is not undertaking any defense on behalf of Keller Industries, Inc., but provides this response inasmuch as Plaintiff's Amended Complaint seeks to apply "successor liability" and/or vicarious liability to KLI, Inc. for the actions of Keller Industries, Inc.

## PROCEDURAL HISTORY

The Plaintiff, Walter Krantz, filed this action on June 18, 2009 against "KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation." In his Complaint, the Plaintiff alleged causes of action for strict liability in tort, negligence and breach of warranty. Defendant "KLI, Inc., formerly known as Keller Ladders, Inc." filed its Answer on September 16, 2009. In that Answer, Defendant KLI explicitly admitted that it was originally incorporated as Keller Ladders, Inc. and explained that

it was formerly known as Keller Ladders, Inc., but had since changed its corporate name to KLI, Inc. Additionally, Defendant denied that it currently uses or is known as "KLI Global, Inc."

On October 2, 2009, Plaintiff filed a Motion to Amend/Correct moving the Court for an Order allowing him, in part, to <u>add</u> "Keller Industries, Inc." as a separate party Defendant and additionally to revise the allegations against Defendant KLI, Inc. Said Motion was granted by Consent Order to Amend filed on that same day. Thereafter, on October 5, 2009, Plaintiff amended his Complaint to reflect the identification of Defendant KLI as "KLI, Inc., f/k/a Keller Ladders, Inc. f/k/a KUA Corp., f/k/a Keller Industries, Inc." and <u>added</u> "Keller Industries, Inc." as an additional Defendant to the action.

In connection with his Amended Complaint, Plaintiff issued Amended Summonses to "KLI, Inc." and to "Keller Industries, Inc." Counsel for Defendant "KLI, Inc." accepted service on behalf of "KLI, Inc." As for "Keller Industries, Inc.", however, Plaintiff attempted to serve Keller Industries, Inc. by sending a Summons and Complaint, via certified mail, addressed to "C.T. Corporation Systems, 1200 South Pine Island Rd., Plantation, FL 33324" and to "The Prentice Hall Corporation Systems, 2730 Gateway Oaks Dr., Suite 100, Sacremento [sic], CA 95833." C.T. Corporation returned the Summons and Complaint to Plaintiff's counsel because their representation had been withdrawn. (Ex. A, Ex. B).

On October 14, 2009, Defendant KLI, Inc., formerly known as Keller Ladders, Inc., formerly known as KUA Corp., filed its Answer to Plaintiff's Amended Complaint. In its Answer to Plaintiff's Amended Complaint, Defendant KLI admitted that "KUA Corp. purchased certain assets and assumed certain liabilities of the ladder division of Keller Industries, Inc." when Keller Industries went bankrupt in **<u>1996</u>** and further expressly denied that KLI, Inc. assumed liabilities for all ladders designed, manufactured or sold by Keller Industries, Inc. (Ans.

¶¶ 5-7).

On November 10, 2009, Plaintiff filed a Motion for Default Judgment as to "Keller Industries, Inc." In support of his Motion for Default Judgment as to Keller Industries, Inc., Plaintiff's counsel filed an Affidavit setting forth the manner in which he went about serving Keller Industries, Inc. Plaintiff's counsel attached to his Affidavit, screenshots from the Florida Department of State Division of Corporations website and from the California Secretary of State Business Portal. According to Plaintiff's counsel, his service on the Registered Agents as listed on each of these websites on September 18, 2009 is sufficient to perfect service and serve as a basis for a default judgment being entered against Keller Industries, Inc.

## RESPONSE TO PLAINTIFF'S MOTION

Keller Industries, Inc. went bankrupt in 1996. As a result of that bankruptcy, Keller Industries, Inc. became an insolvent and defunct corporation. As a defunct corporation, Keller Industries, Inc.'s existence as a legal entity terminated. Since it is no longer a legal entity, Keller Industries, Inc. is without the capacity to sue or be sued. Rule 17, FRCP; see also *National Bank of Eastern Arkansas v. General Mills, Inc., et. al.*, (8th Cir. 1960). Moreover, any representation for service of process by C.T. Corporation had been withdrawn prior to Plaintiff's attempted service. Therefore, the Federal Rules of Civil Procedure dictate that Plaintiff's current Motion for Default Judgment as to Keller Industries, Inc. is improper and shall be dismissed with prejudice.

3

                                        s/Kurt M. Rozelsky  
                                        Kurt M. Rozelsky (Fed. Bar #6299)  
                                        Zandra L. Johnson (Fed. Bar #9219)  
                                        SMITH MOORE LEATHERWOOD LLP  
                                        300 East McBee Avenue, Suite 500  
                                        Post Office Box 87  
                                        Greenville, SC  29602-0087  
                                        (864) 242-6440/ (864)240-2498  
                                        Kurt.Rozelsky@smithmoorelaw.com;

                                        ATTORNEYS FOR DEFENDANT KLI

November 30, 2009