IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Walter Krantz,<br><br>          Plaintiff,<br><br>     v.<br><br>KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., and Keller Industries, Inc.,<br><br>          Defendant. | Civil Action No.:  6:09-1623-HFF<br><br>**PROPOSED DISCOVERY PLAN** |

### RESPONSES TO FEDERAL RULE CIVIL PROCEDURE 26(f)(3)

**(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

Rule 26(a)(1) disclosures are to be made by December 7, 2009 as set forth in the Conference and Scheduling Order, filed December 7, 2009.

**(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

     1.     The Parties expect fact and expert discovery regarding the design, manufacture, distribution, sale, purchase and use of the ladder can in question.

     2.     The Parties expect that discovery may be needed on issues related to the bankruptcy of Keller Industries, Inc. and Plaintiff's theory of successor liability.

     3.     The Parties also expect to conduct discovery regarding Plaintiff's claims of injury and damages, including, but not limited to Plaintiff's prior medical condition, medical treatment following the subject incident, and work history.

Discovery should be completed not later than June 11, 2010, pursuant to the Consent Amended Scheduling Order, if approved by this court. Discovery will not need to be conducted in phases or otherwise limited.

**(C)  Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The parties do not foresee any issues about disclosure or discovery of electronically stored information.

**(D)  Any issues relating to claims of privilege or of protection as trial preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not foresee any issues about claims of privilege or protection of trial preparation materials.

**(E)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties have agreed that the rules will apply without modification at this time. Each party reserves the right to seek a modification of the rules in this regard, if necessary.

**(F)  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The Defendant anticipates identifying documents for production that contain confidential, proprietary or trade secret information and would seek a protective order. Defendant will submit a protective order to Plaintiff, and if appropriate, will submit the same to the Court.