IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Walter Krantz, <br><br> Plaintiff, <br><br> v. <br><br> KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., and Keller Industries, Inc., <br><br> Defendant. | Civil Action No.: 6:09-1623-HFF <br><br><br> **DEFENDANT KLI, INC.'S** <br> **LOCAL RULE 26.03 RESPONSES** |

Pursuant to the Court's Order and Local Rule 26.03(A), Defendant KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc. (improperly identified as "KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc.") submits the following information in conjunction with the parties' Joint Rule 26(f) Report:

**(1)     A short statement of the facts of the case.**

On January 4, 2007, while self-employed at a privately owned residence. In Greenville County, South Carolina, Plaintiff was injured when he fell from the roof of the residence. Plaintiff had climbed the ladder, which manufactured by Keller Industries, Inc., to reach the roof. Before descending, he rested his hands on top of the ladder and fell, injuring himself.

**(2)     The names of fact witnesses likely to be called and a brief summary of their expected testimony.**

As to the incident regarding Plaintiff's alleged fall from the ladder:

(a)     Walter Krantz

(b)     Harper Krantz

(c)     Reo Hoots, Jr.

(d)     Mr. and Mrs. Jeff Bomer

(e)     Randy Phillips

(f)     John S. Moore

As to condition and treatment of the Plaintiff following the incident:

(g)     Josh Frazier

(h)     Jeanne Mosley-Babb

(i)     Doug Launius

As to Medical Treatment of Plaintiff:

(j)     Benjamin Shay Kock, MD

(k)     Dr. Matthew L. Hummell

(l)     Dr. Kyle J. Jeray

(m)     Dr. Timothy McHenry

(n)     Dr. David R. Goetz

(o)     Dr. Coleman D. Fowble

(p)     Dr. David Redmond

(q)     Dr. David Lee

(r)     Dr. Steadman Hawkins

**(3)     The names and subject matter of expert witnesses.  (If no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At this time, Defendant has not determined whether any expert witnesses will be required, but reserves the right to supplement this response as appropriate and such disclosures will be made in accordance with the Court's Scheduling Order.  In that regard, Defendant would expect to retain one or more experts to testify regarding the ladder's alleged failure, including, but not limited to, design, specifications, state of the art, sufficiency of warnings and

manufacture of the ladder and any reconstruction of the accident. Additionally, depending upon Plaintiff's medical claims, Defendant may be required to retain experts to testify regarding medical causation and treatment.

**(4)   A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**Defendant's Contentions/Defenses:**

The Defendant denies that it is liable to the Plaintiff for any amount, or for any cause whatsoever.  The Defendant bases this denial on its belief that Plaintiff will not prove the elements necessary to establish their claims.   In making these denials, the Defendant relies on any cases and/or statutes cited by Plaintiff, as well as <u>Sizemore v. Georgia-Pacific Corp.</u>, 1996 WL 498410 (D.S.C. 1996) (judgment for a defendant is proper where plaintiff cannot prove essential element of claim); <u>Collins v. R.J. Reynolds Tobacco Co</u>., 901 F.Supp. 1038, 1041 (D.S.C. 1995). In addition, the Defendant also bases its denial of liability on the affirmative defenses pled in its answers, as follows:

- <u>Comparative Negligence</u>:  Plaintiff's injuries and damages, if any, were caused by Plaintiff's own acts or omissions and/or the acts or omissions of its agents. Plaintiff's own negligence being greater than any negligence of Defendant, Plaintiff is barred from recovering anything.  <u>Nelson v. Concrete Supply Co.</u>, 303 S.C. 243, 399 S.E.2d 783 (1991); <u>Trivelas v. S.C. D.O.T.</u>, 357 S.C. 545, 593 S.E.2d 504 (Ct. App. 2004); <u>Thomasko v. Poole</u>, 349 S.C. 7, 561 S.E.2d 597 (2002); <u>Bloom v. Ravoira</u>, 339 S.C. 417, 529 S.E.2d 710 (2000); <u>Hurd v. Williamsburg Co.</u>, 353 S.C. 596, 579 S.E.2d 136 (Ct. App. 2003).

- <u>Assumption of Risk</u>:  The injuries and damages, if any, were caused by Plaintiff's own conduct and Plaintiff knew of the danger or should have known of the danger and understood and appreciated the risk of harm and nonetheless voluntarily exposed himself to the

3

danger and thereby assumed the risk in connection with the injuries and damages alleged thereby barring him from recovering anything.  S.C. Code § 15-73-20 (barring recovery where user discovers defect and is aware of danger, but nevertheless proceeds unreasonably to make use of the product); <u>Fleming v. Borden, Inc.</u>, 450 S.E.2d 589, 316 S.C. 452 (S.C. 1994); <u>Bragg v. Hi-Ranger</u>, 462 S.E.2d 321 (S.C.App. 1995).

- <u>Intervening/ Superseding Negligence</u>:  The injuries and damages, if any, were caused by the intervening and superseding negligence, willfulness, wantonness and recklessness of individuals other than Defendant.  Consequently, Plaintiff is not entitled to recover for same from Defendant.  <u>Small v. Pioneer Machinery, Inc.</u>, 494 S.E.2d 835, 844(Ct. App. 1997); <u>Young v. Tide Craft, Inc.</u>, 270 S.C. 453, 242 S.E.2d 671 (1978).

- <u>Spoliation of Evidence</u>:  The Plaintiff or others on his behalf have destroyed or allowed to be destroyed, evidence which includes the operation of the subject ladder.  Such significant and meaningful alteration of the subject ladder constitutes an obstruction of justice barring Plaintiff from recovery.  <u>Silvestri v. GMC</u>, 271 F.3d 583 (4th Cir. 2001); <u>Kershaw Co. Bd. of Educ. v. U.S. Gypsum Co.</u>, 302 S.C. 390, 396 S.E.2d 369 (1990); <u>Vodusek v. Bayliner Marine Corp.</u>, 71 F.3d 148 (4th Cir. 1995); <u>Hodge v. Wal-Mart Stores, Inc.</u>, 360 F.3d 446 (4th Cir. 2004).

- <u>Compliance with Industry Standards/ State of the Art</u>: The subject ladder complied with industry, government and/or state-of-the-art standards and customs in design, manufacture and/or distribution and therefore is not defective.  <u>Reed v. Tiffin Motor Homes, Inc.</u>, 697 F.2d 1192 (4th Cir. 1982); <u>Anderson v. Green Bull, Inc.</u>, 322 S.C. 268, 471 S.E.2d 708 (Ct. App. 1996); <u>Bragg v. Hi-Ranger</u>, 462 S.E.2d 321 (S.C.App. 1995).

- <u>Misuse</u>:  The Plaintiff or another user or consumer of the product may have created a defect or discovered a defect and being aware of such danger, proceeded to make use of the

4

product which caused the injury to the Plaintiff. S.C. Code § 15-73-20; <u>Talkington v. Atria Reclamelucifers Fabrieken BV</u>, 152 F.3d 254 (4th Cir. 1998).

- <u>Modification/ Alteration</u>: To the extent the subject product is found to be defective and/or unreasonably dangerous, such condition is the result of changes, alterations and/or modifications made to it after it left the care, custody and control of the manufacturer. As a result, the Plaintiff's claims are subject to dismissal. S.C. Code § 15-73-10; <u>Fleming v. Borden, Inc.</u>, 450 S.E.2d 589, 316 S.C. 452 (S.C. 1994).

- <u>Failure of Right to Cure</u>: The Plaintiff did not afford the manufacturer a reasonable opportunity or number of attempt to remedy any defects which may be shown to have existed as a result of some action or inaction of the manufacturer and therefore, the Plaintiff is barred from recovery. S.C. Code § 36-2-607.

- <u>Failure of Notice</u>: To the extent that the subject product is shown to contain a defect or malfunction, as a result of some action or inaction of the manufacturer, the Plaintiff has failed to give proper notice of the alleged defects to the manufacturer.

- <u>Failure to Rescind Purchase</u>: To the extent that the purchaser of the ladder did not elect to rescind the sale, but instead accepted the ladder in question, and has not notified the manufacturer of any alleged breach of warranty within a reasonable time after such alleged breach was discovered or should have been discovered, and has not tendered the ladder to the manufacturer or Defendant Material Control Corp, the Plaintiff is barred from any remedy by failure to give notice of such alleged breach within a reasonable time. S.C. Code § 36-2-607.

- <u>Negligence/Misuse by Employer</u>: Plaintiff's employer, upon information and belief, was negligent, reckless, willful and wanton and/or misused said ladder and/or failed to properly maintain the ladder to protect Plaintiff and/or to warn the Plaintiff. These acts on the

part of Plaintiff's employer are pled as intervening acts which would bar any claim by Plaintiff. Small v. Pioneer Machinery, Inc., 494 S.E.2d 835, 844 (Ct. App. 1997).

- Negligence of Employer – Set –off: Plaintiff's employer, upon information and belief, was negligent, reckless, willful and wanton and/or misused said product and/or failed to properly maintain the ladder to protect Plaintiff and/or to warn the Plaintiff. Plaintiff's employer is required to make contribution in the event of a judgment against the Defendant, or, in the alternative, Defendant is entitled to a setoff, because of employer's negligence and/or recklessness. S.C. Code § 42-1-580; Burns v. Carolina Power & Light Co., 88 F. Supp. 769 (D.S.C. 1949).

- Sophisticated User:  Defendant avers that the ladder was purchased by Plaintiff's employer, a sophisticated user of ladders that was knowledgeable about the accident ladder, its design, warnings and/or safety features and the employer's knowledge would be imputed to the Plaintiff under the "sophisticated user" doctrine. The knowledge and information which Plaintiff's employer had with regard to the particular circumstances in which the product would be used and an ability to make an informed judgment concerning the same, would be imputed to the employees and would insulate Material Control Corp from liability to the Plaintiff. Bragg v. Hi-Ranger, Inc., 462 S.E.2d 321, 319 S.C. 531 (1995).

- Unconstitutionality of Punitive Damages:  An award of punitive damages against Defendant will violate the rights guaranteed to it by both the Constitution of the United States as well as the Constitution of South Carolina. U.S. CONST. amend. VIII; U.S. CONST. amend. XIV; S.C. CONST. art. I, § 15; S.C. CONST. art. I, § 3.

The above-cited authority is intended to be an illustrative but non-exhaustive list of legal principles and decisional law applicable to this action. As discovery progresses, it is possible that other legal principles may become relevant.

Finally, Defendant KLI, Inc. reserves the right to supplement this interrogatory response as appropriate during the course of discovery.

(5) **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

The Consent Amended Conference and Scheduling Order filed herewith contains dates for both expert disclosures and completion of discovery. Defendant KLI agrees that such dates are appropriate under the facts of this case.

(6) **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02 (C) (Content of Scheduling Order).**

None are known to exist at this time.

(7) **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

No additional information has been requested in the Pre-Scheduling Order.

Respectfully submitted,

SMITH MOORE LEATHERWOOD LLP

  s/ Zandra L. Johnson
Kurt M. Rozelsky (Federal Bar No.: 6299)
Zandra L. Johnson (Federal Bar No.: 9219)
300 East McBee Avenue, Suite 500 (29601)
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440/ (864) 240-2498

ATTORNEYS FOR DEFENDANT KLI

December 7, 2009