**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **Walter Krantz**, | ) Civil Action No.: 6:09-01623-HFF |
| Plaintiff, | ) |
| vs. | ) REPLY TO KLI, INC.'S RESPONSE |
| | ) TO PLAINTIFF'S MOTION FOR DEFAULT |
| **KLI, Inc., f/k/a Keller Ladders, Inc. f/k/a KUA Corp., f/k/a Keller Industries, Inc.; and Keller Industries, Inc.,** | ) JUDGMENT AGAINST KELLER INDUSTRIES, INC. |
| Defendant. | ) |

The Plaintiff (Krantz) files this memorandum in support of his Motion for Default against the Defendant Keller Industries, Inc., and in reply to the Defendant KLI, Inc.'s Motion and Memorandum to Set Aside the Default.

At the outset, it is important to note that Krantz's Amended complaint sues two separate corporations whose relationship revolves around the Keller brand of ladders. The Defendant KLI, Inc. (KLI) has been served and has filed an answer. The Defendant Keller Industries, Inc. (Keller Industries) has been served but has not answered and is in default.

<u>PROCEDURAL HISTORY</u>

Krantz originally filed his lawsuit against a single defendant, KLI, Inc. The suit alleged injury resulting from a defectively designed aluminum extension ladder. The ladder

was designed and manufactured by Keller Industries, Inc. However, Krantz was aware that in 1996 during a pending bankruptcy proceedings Keller Industries sold its ladder division to KLI, Inc., and KLI, Inc. accepted product liabilities for ladders previously designed or manufactured by Keller Industries, Inc. (*Exhibit A*), clearly this would have included this the subject ladder whose manufacture date precedes KLI's purhase. Therefore, Krantz sued KLI, Inc. as the successor liability corporation.

Two events occurred following the original lawsuit which required Krantz to amend his pleadings and add Keller Industries, Inc. as a defendant.

First, KLI, Inc. answered denying responsibility under successor corporate liability and denying that it accepted liability for the ladder in question despite the clear language of the 1996 agreement. (See KLI, Inc.'s original Answer)

Second, Krantz received a transcript of a post trial hearing in the case of *McCormack v. KLI, Inc.* (*Exhibit B*) The hearing addressed the identical issue facing Krantz. In that case, involving a Keller extension ladder, McCormack sued KLI, Inc. as a successor liability corporation for a ladder designed and manufactured by Keller Industries, Inc. After the jury rendered a verdict for McCormack, KLI, Inc., in the post trial hearing, took the position that for it, KLI, to be responsible, the defendant had to sue Keller Industries, Inc.[1]

> "   MR. KAULAS: I realize that. But you have to sue Keller Industries, Inc. you have to sue them in order to get indemnity from KLI." p.16 l. 18-20

---

[1] The two positions taken by KLI, Inc. are irreconcilable. In this litigation KLI, Inc. takes a position that Keller Industries cannot be sued as it doesn't exist. If this is the case, which it is not, KLI, Inc. proposed to the Florida court a position it knew to be impossible.

> "    If plaintiff believed that somehow there was an identity between those two corporate –corporate–corporations, then under those circumstances, it was his responsibility to file an amended pleading, in which he attempted to prove that there was an identity; in other words, attempted to pierce the corporate veil between KLI and an entity which was in bankruptcy in Delaware.
>
>    He never filed such a pleading. And the obvious reason why he didn't file such a pleading is because there is no identity. They are separate entities......" p. 13 l. 14-25

> "    MR. KAULAS: That would be true if, in fact, there was a pleading on file which laid out a claim ..... that Keller Ladders, Inc. was responsible for the liabilities of Keller Industries, Inc. and Keller Ladders, Inc. would then respond that based upon the asset purchase agreement between these parties, you must sue Keller Industries, Inc. because there are no third-party beneficiaries to that agreement" p. 17 l. 4-13.

Based on these positions by KLI, Inc., Krantz requested and received permission of this court to amend his complaint and add as a party defendant, Keller Industries, Inc. The question now before this court is whether Keller Industries has been properly served.

### THE SERVICE OF PROCESS AGAINST <u>KELLER INDUSTRIES, INC</u>.

Krantz's research into the Keller Industries, Inc. revealed the following.  1) Originally, prior to 1995, there were two Keller Industries, Inc.; one incorporated in Delaware and, one incorporated in Florida; 2) In 1995 these corporations merged retaining the incorporation in Delaware (*Exhibit C*) with the corporation's principal place of business in Fort Lauderdale, Fla. (*Exhibit D)*; and 3) Keller Industries, Inc. duly registered with the Florida Secretary of State and listed its agent for service of process.

Prior to attempting service, Krantz checked with the Florida Secretary of State. Keller Industries, Inc. was listed as an "inactive" corporation with C. T. Corporation System as the registered agent . (*Exhibit E*)  Under Florida law a corporation, domestic or foreign, may be served through the agent designated by that corporation for accepting service of

process. Fla. Statute 48.081(3)(a); 48.091 [2]  An inactive corporation (and for that matter even a dissolved corporation) can be served via its designated agent. [3]

Further, Fla. Statute 607.1405 Effect of Dissolution provides:

> (1) A dissolved corporation continues its corporate existence but may not carry on any business **except** that appropriate to wind up and liquidate its business and affairs, including: ...
>
>> (c) discharging or making provision for discharging its liabilities; ...
>>
>> (e) doing every other act necessary to wind up and liquidate its business and affairs.
>
> (2) Dissolution of a corporation does **not**:...
>
>> (g) Terminate the authority of the registered agent of the corporation

Federal Rule of Civil Procedure 4(h) provides that a corporation may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, **or any other agent authorized by appointment or by law to receive service of process** and-if the agent is one authorized by statute and the statute so requires– by also mailing a copy of each to the defendant.... (Emphasis added).

Finally, a corporation is considered to be a citizen of both its state of incorporation and the state where it has its principal place of business, 28 U.S.C. 1332. Therefore, service of a corporation through its registered agent in either its state of incorporation or its principal place of business is appropriate.

---

[2] Krantz, also served Keller Industries in California because it was listed there and had a registered agent for service. Keller Industries did not respond to this service and its registered agent did not respond after accepting service.

[3] Fla. Statute 48.101 which provides: "Process against any other dissolved corporation shall be served in accordance with s. 48.081"

In this case, Keller Industries, Inc listed as its registered agent in Florida (the principal place of business), C.T. Corp.  C. T. Corp. was served via certified mail and accepted service on October 19, 2009.  (*Exhibit F*)  More than twenty days elapsed following this service and Krantz filed his default motion.

In the interim C. T. Corp. sent a letter to Krantz's attorneys claiming it was no longer the registered agent.  (*Exhibit G*) Krantz sought clarification from the Florida Secretary of State which responded that a registered agent remains the agent for service unless it formerly resigns and files the resignation with the Secretary of State (*Exhibit H*)  When this is done, the resignation is filed with the corporate papers.  No such resignation has been filed (*Exhibit I*).  Therefore, C. T. Corp. was at the time of service (and still is) the proper agent for service for Keller Industries, Inc.  Service has been perfected and default is the proper remedy.

Several issues remain which need to be brought to this court's attention.

1.     KLI, Inc., in its briefs, filed two exhibits claiming these as evidence that C. T. Corp. had withdrawn as agent for service.   Neither document has even the slightest relevance to this issue.   Exhibit A, in KLI's brief, relates to the withdrawal of an agent for service in Delaware for KLI not Keller Industries, Inc.   Exhibit B relates to the dissolution of KUA Global, a corporation organized by KLI, Inc. to do business in Florida.  KUA Global has absolutely nothing to do with Keller Industries.

2.     KLI, Inc. alleges without submitting any proof, that Keller Industries, Inc. was discharged from bankruptcy and therefore, ceased to exist.  Even assuming KLI, Inc.'s unsupported assertion is correct, a discharge from bankruptcy is not necessarily a dissolution (ask GM).   Dissolution would require affirmative actions by Keller Industries,

Inc. and proper notification to the states of incorporation and principal place of business. Obviously, this did not occur in the case of Keller Industries, Inc. (*Exhibit I*)

       3.    KLI, Inc. attempts to support its position that a corporation discharged in bankruptcy cannot be sued by citing FRCP Rule 17 and <u>National Bank of Eastern Arkansas v. General Mills, Inc</u>., et al, 283 F.2d 574 (8th Cir. 1960) (complete citation omitted from KLI's brief.) Neither reference supports its claim that bankruptcy ends corporate identity and therefore, the capacity of that corporation to be sued. The citation of First National as support is particularly misleading. In that case the Plaintiff's received a default judgment against an individual Defendant on a debt discharged in bankruptcy (the Plaintiff had previously filed the debt in the bankruptcy proceeding.) The court reasoned that due to the failure to answer, it could enforce the judgment against the Defendant or exercise its inherent power to relieve the judgment to avoid an unfair result, since the judgment was on a debt already resolved in bankruptcy. The court chose the latter and set aside the default. In that case the bankruptcy was personal not corporate and the court specifically recognized and endorsed the right of the Plaintiff to sue a bankrupt Defendant - a far cry from the proposition claimed by this Defendant.

      It is clear in this case that the Defendant Keller Industries, Inc was properly served through its registered agent, CT Corporation. Therefore, for the reasons set forth above,

Plaintiff's Motion for Default Judgment against Keller Industries, Inc should be granted. The Plaintiff has attached for the Court's consideration a proposed Order of Default in Krantz v. KLI, et al, 6:09-01623 (*Exhibit J*).

    Respectfully submitted,

    s/Douglas F. Patrick

    _____
    Douglas F. Patrick (I.D. #300)
    Covington, Patrick, Hagins,
        Stern & Lewis, P.A.
    P. O. Box 2343
    Greenville, SC  29602
    (864) 242-9000

    s/John D. Kassel

    _____
    John D. Kassel, Fed. ID 2278
    Theile B. McVey, Fed. ID 7614
    John D. Kassel, Attorney At Law, LLC
    1330 Laurel Street
    Post Office Box 1476
    Columbia, South Carolina 29202
    803.256.4242

    **Attorneys for Plaintiff**

December 10, 2009
Greenville, South Carolina