ALL-STATE LEGAL

**PLAINTIFF'S EXHIBIT**

B

CASE SUMMARY

Broward County Case Number: CACE02004211
Court Type: Civil Division - Circuit Court
Incident Date: N/A
Court Location: Central Courthouse
Magistrate ID / Name: N/A

State Reporting Number: 062002CA004211AXXXCE
Case Type: **Products Liability**
Filing Date: **03/01/2002**
Case Status: **Disposed**
Judge ID / Name: **03 Henning, Patti E.**

Style: **George McCormack , et al Plaintiff vs. Keller Ladders Inc Defendant**

**Party Detail**

| Party Type | Party Name | Sex | Race | D.O.B. | D.O.D. | Attorneys / BarID ★ Denotes Lead Attorney |
|---|---|---|---|---|---|---|
| Plaintiff | McCormack, Deborah | | | | | ★ Herman, Peter G Retained BarID: 353991 |
| Plaintiff | McCormack, George | | | | | ★ Herman, Peter G Retained BarID: 353991 |
| Doing Business As | Kll Global Inc | | | | | |
| Now Known As | Kkl Inc | | | | | |
| Defendant | Keller Industries | | | | | |
| Defendant | Keller Ladders Inc | | | | | ★ Mowers, Jeffrey Arthur Retained BarID: 508240 |

**Key Dates - Future Scheduled Events**

There is no key date information available for this case.

**Related Cases**

There is no related case information available for this case.

NOTE: Selecting the Case Detail button will deduct one unit from your account.

[ Case Detail ]

[ Perform Another Search ]

2

```
1   APPEARANCES:
2
3   FOR THE DEFENDANT:
4       RICHARD A. SACHS, ESQUIRE
        Melito & Adolfsen
5       The 900 Building
        Suite 203
6       900 S.E. 3rd Avenue
        Fort Lauderdale, Florida 33316
7       (954) 728-1280
8
        PAUL KAULAS, ESQUIRE
9       McVEY & PARSKY, LLC
        30 North LaSalle Street
10      Suite 2100
        Chicago, Illinois 60602
11      (312) 551-2130
12
13  FOR THE PLAINTIFF:
14      PETER G. HERMAN, ESQUIRE
        Tripp, Scott, P.A.
15      110 S.E. Sixth Street
        Fort Lauderdale, Florida 33301
16
17
18              INDEX
19                          PAGE
20  Beginning of Proceedings        3
21  End of Proceedings              59
22  Certificate of Reporter         60
23
24
25
```

3

```
1       THE COURT: Good morning. Welcome to Pinellas
2   County. And we're here on the case of McCormack vs.
3   Keller Ladders, Inc.
4       MR. KAULAS: May I proceed, Your Honor?
5       THE COURT: You may.
6       MR. KAULAS: As The Court is aware, we are
7   here on a motion for a verdict JNOV. I don't know
8   whether The Court has seen the written response.
9       THE COURT: I have. I have read all the
10  motions and the replies.
11      MR. KAULAS: By virtue of the time element, we
12  have not filed a written response or written reply
13  to the plaintiff's response; however, I'll address
14  those issues orally.
15      The -- the thrust of the plaintiff's response
16  to our motion for verdict NOV appears to be the
17  plaintiff takes the position that the entity, Keller
18  Industries, Inc., and Keller Ladders, Inc., is the
19  same entity, and as a result, the judgment -- if a
20  judgment is to be entered against Keller Ladders,
21  Inc. or KLI, that is based upon the fact that these
22  parties are legally identical.
23      My first comment with reference to that theory
24  is that that theory was never pleaded. The issues of
25  fact that arise from that theory have never been
```

4

```
1   presented to the trier of the fact. So whether or
2   not that theory, if you will, has any validity, it
3   has never been presented to this court in anything
4   other than a response to a motion JNOV.
5       If, in fact, that theory had some validity, it
6   should have been pleaded, and it should have been
7   addressed by the trier of fact. It was not. The
8   pleadings on file in this case are quite
9   straightforward. The pleading is that the defendant,
10  KLI, manufactured the accident ladder, and as a
11  result they are liable on a products liability basis.
12  Straightforward claim of products liability
13  against the defendant, KLI.
14      THE COURT: What did your answer say?
15      MR. KAULAS: Deny.
16      THE COURT: Now, did it deny it manufactured
17  it or did it deny it manufactured it negligently?
18      MR. KAULAS: Denied all allegations of
19  manufacturer.
20      THE COURT: The reason I ask that, is that
21  never seemed to be an issue in this case. I mean,
22  there was never any testimony --
23      MR. KAULAS: Well, it wasn't an issue.
24      THE COURT: Did you ever move for a summary
25  judgement on that issue?
```

5

```
1       MR. KAULAS: No.
2       THE COURT: Why?
3       MR. KAULAS: Because we have the right to
4   defend the case on the pleadings as they stand.
5       THE COURT: I know you had that right, but why
6   didn't you move for a summary judgment?
7   Strategically, wouldn't that have been the logical
8   thing to do and end the whole thing right there?
9       MR. KAULAS: At that particular juncture, the
10  plaintiff could make the same claim. The plaintiff
11  could then amend its pleadings and claim that there
12  was an identity between the actual manufacturer and
13  the entity which it sued. The very same position
14  that the plaintiff's attorney now takes, he could
15  have taken by way of an amended pleading, and created
16  an issue of fact which we believe does not exist.
17      THE COURT: I don't follow that. I mean, it
18  seems to me if you're saying that Keller Ladders,
19  Inc. is not the proper defendant, that it was not
20  the manufacturer of the ladder, and you move for a
21  summary judgment, Keller Ladders would be out.
22      MR. KAULAS: According to the plaintiff's
23  position right now, Keller Ladders should be in,
24  based upon the fact that the plaintiff takes the
25  position that Keller Ladders, Inc. or KLI, is the
```

2 (Pages 2 to 5)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

**6**

1  very same thing as the manufacturer. That's their
2  position now. That's what they are saying now.
3  That's what their response would have been if a
4  motion for summary judgement was filed.
5      They're doing -- they are saying precisely now
6  what they would have said if we had filed a motion
7  for summary judgement, except they are now attempting
8  to do it after the fact without any evidentiary
9  support for that theory.
10     May I continue?
11     THE COURT: Yeah. Let me ask you this
12 question.
13     MR. KAULAS: Sure.
14     THE COURT: Did you at any time present that
15 defense to the jury, that you were not the
16 manufacturer of this ladder?
17     MR. KAULAS: Yes.
18     THE COURT: I don't remember that coming up.
19     MR. KAULAS: We read the stipulation of the
20 parties to the jury. The stipulation of the parties
21 was --
22     THE COURT: That's right. That just didn't
23 seem to be the big thrust of this case.
24     MR. KAULAS: Well, the thrust of the case was
25 based upon the fact that the plaintiff sued us as a

**7**

1  manufacturer and we were not. That's one of the
2  elements that the plaintiff had to prove. They
3  didn't prove it. They proved nothing. And
4  furthermore, not only did they not prove that
5  particular element, they stipulated to the contrary.
6      However, a stipulation is not evidence until
7  one offers that stipulation into evidence. When we
8  offered that stipulation into evidence, the issue no
9  longer existed. We were -- we had proven the
10 position that we took.
11     To that point in time, there was no issue when
12 we placed that stipulation into evidence. The
13 stipulation, if you will, trumped any claim that KLI
14 was the manufacturer of the product.
15     May I continue, Your Honor?
16     THE COURT: You may.
17     MR. KAULAS: The next position the plaintiff
18 takes is that somehow these two entities, KLI and
19 Keller Industries, Inc. are identical. And my
20 prefatory remarks are, of course, they never
21 pleaded that, but I want to address that particular
22 issue.
23     By way of background, the date of manufacture
24 of the ladder was April of 1996. The date of
25 accident was October 2, 2000. The plaintiff filed

**8**

1  suit February 26 --
2      THE COURT: Wait a minute. This ladder was
3  manufactured in '94, wasn't it?
4      MR. KAULAS: '96. April '96. I'm sorry.
5      THE COURT: I'm reading your defendant's
6  motion, and it says it was explained to The Court
7  that the ladder was manufactured in 1994.
8      MR. KAULAS: That's correct. I'm sorry. I'm
9  confusing my -- there's another April '96 date. I
10 will correct the record. The ladder was manufactured
11 in '94. Okay. The date of accident is 2000. Suit
12 was filed February 26, '02.
13     Under the State of Florida rules, the
14 plaintiffs would have four years in which to file
15 suit. In other words, they could have filed suit
16 against the appropriate manufacturer as of October 3,
17 if you will, 2004.
18     Interrogatories were served upon my client.
19 The first set of interrogatories were May 30th of
20 '02. And at that time, the defendant stated in
21 answers to interrogatories that it did not know the
22 manufacturer of the ladder. The denial of allegation
23 of manufacturer was on file.
24     In the second set of interrogatories, the
25 plaintiff's attorney obviously is aware of the fact

**9**

1  that the manufacturer of the ladder is not the entity
2  that the plaintiffs sued. And I read you to a
3  question from the second set of interrogatories,
4  Page 2. "Please identify -- and this is a quote --
5  "Please identify with specification the business
6  relationship between the manufacturer of the subject
7  ladder giving rise to this action and KLI, Inc.
8  setting forth any agreement between the manufacturer
9  and KLI, Inc."
10     The answer is, "The ladder at issue was
11 manufactured by Keller Industries, Inc. Keller
12 Industries declared bankruptcy in April of 1996 in
13 Delaware. Keller Industries consisted of a ladder
14 division and building products division. In 1996,
15 KUA Corp. purchased the ladder division of Keller
16 Industries, including the Keller trade name."
17 And the answer goes on.
18     At this particular point, The Court can take
19 judicial notice of pleadings, if you will, and
20 procedures in other courts. And unfortunately, I
21 only have one copy. But I have the bankruptcy filing
22 out of the U.S. District Court, U.S. -- United States
23 Bankruptcy Court District of Delaware, the docket.
24     The docket indicates that on April 2, 1996,
25 there was a voluntary petition under Chapter 11, etc.

3 (Pages 6 to 9)

## 10

1  The entity which filed for bankruptcy was Keller
2  Industries, Inc. And the docket shows that that
3  particular proceeding continued in bankruptcy until
4  the motion for final decree was November 19, 2003.
5      So the entity that manufactured the accident
6  ladder existed, was in bankruptcy, continued in
7  bankruptcy. When this lawsuit -- when the accident
8  occurred, when this lawsuit was filed, when the
9  second set of interrogatories were answered, and for
10  over a year after that particular time, plaintiff
11  never chose to file suit against the manufacturer of
12  the ladder. Didn't do it. Despite the fact that
13  they had answers to interrogatories which stated the
14  business relationship between "the manufacturer" and
15  the entity which they had sued.
16      Plaintiff now takes the position that, again,
17  without filing any pleading whatsoever on the point,
18  that somehow there's an identity between an entity
19  that is in bankruptcy in the Federal District Court
20  in Delaware and an entity which they sued.
21      They suggest because two individuals,
22  Mr. Doss, Mr. Allen, who were president and CFO of
23  Keller Industries, Inc., eventually became employed
24  by Keller Ladders, Inc., that somehow we have an
25  identity of parties. Again, they have never pleaded

## 11

1  this. They're arguing it after the fact.
2      I'm going to provide The Court with an
3  affidavit which is the recorded in the record. The
4  affidavit, which is a listing of the directors and
5  officers of KUA Corp, Keller Ladders, Inc, and KLI,
6  Inc. since 1996.
7      If The Court cares to peruse that, you will
8  see out of the numerous individuals that are either
9  officers or directors, that Mr. Doss and Mr. Allen no
10  longer were employed as -- no longer employed as a
11  matter of fact, but neither an officer or a director
12  of KLI, Inc. subsequent to 1996, I believe. Just
13  make sure. I'm sorry. Subsequent to 1997.
14      So as a result, at the time the accident
15  occurred, at the time the lawsuit was filed, at the
16  time the answers to interrogatories pointed out the
17  specific corporate history, these individuals had
18  been long gone as president and as CFO.
19      I would offer that into record as the
20  affidavit of Paul Kaulas with the attachment
21  Exhibit A showing the list of officers.
22      THE COURT: Any objection?
23      MR. HERMAN: Yeah. I object. I don't see any
24  reason for an affidavit to come into evidence at this
25  juncture of the case.

## 12

1      THE COURT: I will reserve judgment on that.
2      MR. KAULAS: That's an interesting point,
3  given the fact that counsel files a motion in which
4  he makes a statement of somehow the defense has
5  somehow misled someone and there is no affidavit,
6  there's nothing other than that statement, and an
7  implication which we think is inappropriate.
8      So therefore, it is obvious from the
9  interrogatory that was sent by the plaintiff's
10  attorney, when he had two years in which to file suit
11  against the manufacturer, that he was fully aware of
12  the fact that the manufacturer of the ladder and the
13  defendant that he sued were two different corporate
14  entities.
15      The case then goes to trial. The stipulation
16  is agreed upon before trial concerning the
17  manufacturer's identity. The stipulation from an
18  evidentiary standpoint is meaningless until it's
19  offered into evidence. And when that stipulation was
20  offered into evidence at the onset of the plaintiff
21  -- excuse me -- the defense case, at that juncture
22  there was no evidence whatsoever that the defendant,
23  KLI, was responsible for the manufacture of the
24  ladder.
25      And at that juncture, the plaintiff had failed

## 13

1  to prove an essential portion of the case which he
2  had -- which he had pleaded, i.e. the defendant that
3  he had sued manufactured the product.
4      Plaintiff takes the position now after the
5  fact that there is an identity, if you will, of these
6  entities; a position which he never pleaded, which he
7  never approved. He simply responds that somehow
8  that either, A, he was misled in some fashion with
9  the interrogatory which he asks. And the response
10  that he's given is unequivocal that he's fully, fully
11  aware of the differentiation between manufacturer and
12  the entity that he sued, and the response that is
13  given to the interrogatory.
14      If plaintiff believed that somehow there was
15  an identity between those two corporate -- corporate
16  -- corporations, then under those circumstances, it
17  was his responsibility to file an amended pleading,
18  in which he attempted to prove that there was an
19  identity; in other words, attempted to pierce the
20  corporate veil between KLI and an entity which was in
21  bankruptcy in Delaware.
22      He never filed such a pleading. And the
23  obvious reason why he didn't file such a pleading is
24  because there is no identity. They are separate
25  corporate entities.

4 (Pages 10 to 13)

**14**

```
 1          Anticipating the plaintiff's now position,
 2   plaintiff now wants to amend his complaint after the
 3   fact saying that, I guess, that there is somehow a
 4   misnomer. And of course that position is entirely
 5   different from the position that he takes in response
 6   to our motion for a verdict NOV. He now says he
 7   wants to amend his complaint. And of course he's
 8   violated the rules, by virtue of failing to
 9   attach this proposed amended complaint.
10          We still have no idea what he intends to say,
11   what he intends -- who he intends to sue, or what the
12   basis or theory of that lawsuit is, based upon some
13   sort of pleading. As a matter of fact, one
14   stage in the -- during the trial, The Court indicated
15   that it would allow plaintiff to amend, and no such
16   amendment was ever forthcoming; and likewise, hasn't
17   been forthcoming thus far.
18          Therefore, I would reserve my responses with
19   reference to motion to amend because plaintiff has
20   added that as an add-on motion.
21          THE COURT: Who do you contend is the real
22   party and interest in this case as far as the
23   defendant is concerned?
24          MR. KAULAS: Keller Industries, Inc. is the
25   manufacturer of the ladder.
```

**15**

```
 1          THE COURT: The one that was in bankruptcy?
 2          MR. KAULAS: Is. Yes. Was in bankruptcy.
 3          THE COURT: How about your response to
 4   Interrogatory 1?
 5          MR. KAULAS: Which -- would you read the
 6   interrogatory, Judge?
 7          THE COURT: "Please identify with specificity
 8   the business relationship between the manufacturer of
 9   the subject ladder giving rise to this action and
10   KLI, Inc., setting forth any agreement between the
11   manufacturer and KLI, Inc."
12          And the response is, "The ladder at issue was
13   manufactured by Keller Industries, Inc. Keller
14   Industries declared bankruptcy in April of 1996 in
15   Delaware. Keller Industries consisted of a ladder
16   division and a building products division. In 1996,
17   KUA Corporation purchased the ladder division of
18   Keller Industries, including the Keller trademark.
19   As a part of the transaction, Keller Industries
20   changed its name to Relic, Inc. At the time of KUA
21   Corporation's purchase of Keller Industries Ladder
22   Division, KUA Corporation assumed certain product
23   liabilities of Keller Industries Ladder Division, but
24   did not assume any liability for damages which are
25   punitive or exemplary in nature, or which arise out
```

**16**

```
 1   of any statutory cause of action which gives rise
 2   to any damages which are penal in nature."
 3          "On July 17, 1996, KUA Corporation changed its
 4   name to Keller Ladders, Inc. On October 29, 1999,
 5   Keller Ladders, Inc. sold its assets, including the
 6   Keller tradename, to Werner Company, Inc, not
 7   including liabilities. Since part of Werner's
 8   purchase agreement included the Keller tradename,
 9   Keller Ladders, Inc. changed its name to KLI, Inc.
10   on October 29, 1999. On May 3, 2000, KLI, Inc.
11   changed its name only in Florida to KLI, Inc, doing
12   business in the State of Florida as KLI Global, Inc."
13          It would appear to me from that answer that
14   Keller Ladders, Inc. was still responsible for any
15   liabilities that arose out of the manufacture of that
16   ladder by its predecessor.
17          That's your answer. Not his answer.
18          MR. KAULAS: I realize that. But you have to
19   sue Keller Industries, Inc. You have to sue them in
20   order to get indemnity from KLI.
21          THE COURT: I would -- I'm not sure I agree
22   with that. Keller Industries sold all of its assets,
23   including its liabilities, to a corporation that
24   later became Keller Ladders, Inc. And they were
25   defendant -- Keller Industries would defend by saying
```

**17**

```
 1   that we are no longer the real party of interest. We
 2   sold our company, including its liabilities, to
 3   Keller Ladders, Inc.
 4          MR. KAULAS: That would be true if, in fact,
 5   there was a pleading on file which laid out a claim
 6   that Keller Industries, Inc. was responsible for the
 7   liabilities of -- excuse me -- that Keller Ladders,
 8   Inc. was responsible for the liabilities of Keller
 9   Industries, Inc. And Keller Ladders, Inc. would
10   then respond that based upon the asset purchase
11   agreement between these parties, you must sue Keller
12   Industries, Inc. Because there are no third-party
13   beneficiaries to that agreement. •
14          The plaintiff failed to allege liability based
15   upon an agreement.
16          THE COURT: That's why he wants to amend.
17          MR. KAULAS: No. He wants to add a new party.
18   He's taken the entirely different position. He takes
19   the position in our response for verdict NOV that we
20   are responsible by virtue of this answer to
21   Interrogatory -- which incidentally, he never offered
22   into evidence if, in fact, it was going to be the
23   basis of some pleading.
24          State of Florida still requires that if you
25   have a theory of liability, you must prove it. The
```

5 (Pages 14 to 17)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

18

1  theory of liability expressed by the plaintiff in
2  this case was that KLI manufactured the ladder.
3  That was the theory. The theory was not that KLI is
4  responsible based upon this interrogatory answer.
5  If, in fact, that was the pleading, then we would
6  have gone forward with the proof of the agreement to
7  show that, no, that's not the meaning of this
8  particular answer to interrogatory. The meaning of
9  this answered interrogatory is a snapshot, if you
10  will, of the arrangement between the parties with, if
11  you will, what is the relationship? The relationship
12  has nothing to do with responding to a pleading.
13      Plaintiff never pleaded that KLI, if you will,
14  was responsible by virtue of some agreement. They
15  never pleaded that. So we never responded to such a
16  pleading.
17      Now plaintiff takes the position -- it's like
18  a -- they're saying in essence --
19      THE COURT: If they had pled that, what would
20  have been your response?
21      MR. KAULAS: Our response would be the
22  agreement.
23      THE COURT: The agreement said that --
24      MR. KAULAS: The agreement says --
25      THE COURT: -- Keller Ladders, Inc. is

19

1  responsible.
2      MR. KAULAS: Only if Keller Industries, Inc.
3  is sued. They must be sued. There are no
4  third-party beneficiaries to the agreement.
5      THE COURT: I don't see that in the -- in the
6  answer to the interrogatory.
7      MR. KAULAS: That wasn't the question to the
8  interrogatory. The question poised isn't in the
9  interrogatory.
10      If I may continue.
11      THE COURT: Well, I'm not sure I agree with
12  the statement that the plaintiff is prohibited from
13  suing the purchaser of the liabilities of its
14  predecessor corporation in order to state a valid
15  cause of action. I think that he can sue Keller
16  Industries -- or Keller Ladders, Inc. And if, in
17  fact, Keller Ladders, Inc. did not assume the
18  liabilities in the purchase from Keller Industries of
19  the ladder division, then the burden is on the
20  defendant to in some way allege that as a defense
21  that, no, we purchased the ladder company, but we
22  didn't purchase the liabilities.
23      Then he may have to go against the original
24  ladder company. I'm just thinking out loud on that.
25  Because I don't think it's a condition precedent to

20

1  sue the original manufacturer if that has -- the
2  original manufacturer, some time before the accident,
3  sold its business to somebody else.
4      MR. KAULAS: The Court's quandary in this
5  regard is reasonable and legitimate, but The Court's
6  quandary isn't a pleading. In other words, what
7  Mr. Herman could have done, or should have done,
8  really isn't before you on the issue for a verdict
9  NOV. What Mr. Herman should have done, of course,
10  was file lawsuit against Keller Industries, Inc.,
11  which was pointed out by the answer to
12  interrogatories. They had two years in which to do
13  it.
14      THE COURT: That's where you and I differ. I
15  think to step a -- to establish a claim, I don't
16  think they had to sue Keller Industries by virtue of
17  that agreement.
18      MR. KAULAS: Well, what pleading -- I'm just
19  rhetorically -- what pleading has the agreement in
20  it? What pleading has -- if in fact this
21  interrogatory, the four corners of this interrogatory
22  establish a cause of action, where was it pleaded?
23  We say this -- the four corners of this interrogatory
24  don't create a cause of action, and therefore the
25  plaintiff must at least plead something so we can

21

1  address if, in fact, that's his position.
2      If that's his position -- if, in fact, that's
3  his position, why wasn't it said in the pleading?
4      THE COURT: That's why he's making a motion to
5  amend.
6      MR. KAULAS: No. No. Excuse me. No. At
7  this juncture he is now saying, I want to sue Keller
8  Industries, Inc. at this time.
9      THE COURT: Well, I thought the motion during
10  the course of the trial was to amend to name the
11  original manufacturer as the defendant because the
12  original manufacturer and Keller Ladders are one in
13  the same.
14      MR. HERMAN: That's correct.
15      MR. KAULAS: Well, that's what he says. He's
16  saying they are one in the same.
17      THE COURT: Because of the assumption by
18  Keller Ladders, Inc. of the liabilities of Keller
19  Industries.
20      MR. KAULAS: Well, during the course of the
21  trial -- during the course of the trial this
22  interrogatory was never read to The Court, was never
23  offered to the jury. None of this matter --
24      THE COURT: Seemed that there was never an
25  issue on whether or not Keller Ladders, Inc. assumed

6 (Pages 18 to 21)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

22

1    the liabilities of Keller Industries. Was there ever
2    an issue on that? You're the ones that created --
3    you're the one's that gave them the information that
4    that was the case.
5        MR. KAULAS: We told them. They never amended
6    their pleadings.
7        THE COURT: That's why he made the motion to
8    amend to have the verdict confirmed or the judgment
9    -- on the pleadings confirmed to the judgment or
10   vice-versa, and that can occur when the subject is
11   corrected is strictly a ministerial type of thing. I
12   mean, seems to me Keller Ladder Inc., Keller
13   Industries, Inc., and Keller Ladders are one in the
14   same.
15       MR. KAULAS: That's --
16       THE COURT: Your defense wouldn't have been
17   any different if they had sued Keller Ladders
18   -- Keller Industries, would it?
19       MR. KAULAS: Of course it would be.
20       THE COURT: What would it have been? No. I
21   mean as to the substance, not as to the formal part.
22       MR. KAULAS: As far as the trial of the
23   lawsuit, if they alleged that they could pierce the
24   corporate veil, which they are responding now --
25   they're saying, we can pierce corporate veil. At

23

1    least that's one of the responses they make.
2        THE COURT: I don't know if that's a correct
3    response. What I'm saying is, they are just
4    following the trail of the liabilities of Keller
5    Industries.
6        MR. KAULAS: Based upon what?
7        THE COURT: Based on your interrogatory.
8        MR. KAULAS: They have never offered it into
9    evidence.
10       THE COURT: Based on -- you asked to take
11   judicial notice of all this stuff, so --
12       MR. KAULAS: It -- wait a second. I'm
13   responding to what they have put forth in a response,
14   Judge. I'm -- and of course he's objecting to it.
15   So my point being, in this -- if, in fact, they
16   believed that they had a cause of action against KLI
17   based upon an asset purchase agreement, why didn't
18   they plead it? They never pleaded it. Never did.
19   We say, no --
20       THE COURT: That's why they're making the
21   motion to amend.
22       MR. KAULAS: Well, as I read what they are
23   doing now, they are taking -- taking two positions
24   simultaneously. They are saying, Judge, we were led
25   down the garden path by the answer to interrogatory,

24

1    but if you don't buy that one, we want to amend our
2    complaint now, and we want to sue another entity
3    entirely.
4        They're saying -- they are saying, first off,
5    the reason we didn't sue Keller Industries, Inc. is
6    because somehow we didn't think we had to --
7        THE COURT: But if I grant their motion as
8    they put it at trial, the second motion that you --
9    that they raised is moot.
10       MR. KAULAS: I'm sorry?
11       THE COURT: If I go ahead and affirm my action
12   at -- what I did at the trial, allowing them to amend
13   in so far as the Industries, Inc. is concerned, then
14   the second issue about naming Industries, Inc. as a
15   second party for them to sue is moot. Correct?
16       MR. KAULAS: I'm not quite sure how it can be
17   moot.
18       THE COURT: Well, because they -- they have
19   got their judgement, and they have got the right
20   party in the judgement. So why would they want to
21   sue them again?
22       MR. KAULAS: I'm -- I'm at a loss.
23       THE COURT: Maybe I misunderstood you. You
24   said that now, before me, they have two-fold motion,
25   right?

25

1        MR. KAULAS: They have a response to our
2    motion for a verdict NOV. That's the response. The
3    response --
4        THE COURT: Name again -- say it again what
5    the two-part motion is, or two-part response that
6    they have affirmed, as you last stated it.
7        MR. KAULAS: Okay. As I -- as I interpret
8    what they filed in response to our motion verdict
9    NOV, what I -- they say two things in this particular
10   document.
11       THE COURT: Okay.
12       MR. KAULAS: The first thing.
13       THE COURT: One.
14       MR. KAULAS: One is, they were misled by our
15   response to interrogatories. They didn't really have
16   to file suit against Keller Industries, Inc. based
17   upon the answers to interrogatories. That's their
18   one position.
19       THE COURT: Okay.
20       MR. KAULAS: Then they recite throughout the
21   document that The Court gave them leave to amend and
22   they amended their complaint. They haven't done
23   that. They have never amended their complaint. They
24   never filed an amendment to The Court. So all the
25   stuff about they amended their complaint and The

7 (Pages 22 to 25)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

26

1 Court gave them leave, I have doubt whether The
2 Court, in fact -- based upon the record as I read it,
3 The Court actually gave them leave to amend.
4 But assuming, for discussion sake, The Court
5 did give them leave to amend, they have never
6 followed through, they have never filed anything,
7 they have never amended anything. And then
8 furthermore, if The Court -- we would take the
9 position that if The Court gave them the leave to
10 amend, there's no record that just justifies an
11 amendment based upon what The Court heard, at least.
12 The Court didn't see any interrogatories. The Court
13 saw nothing.
14 There's about a paragraph of a representation
15 made by Mr. Herman. I don't think The Court would
16 grant leave to amend based upon that sort of record.
17 But assuming, for discussion sake, that's what they
18 did, they still haven't amended their complaint.
19 Now what they're doing is they're attempting
20 to amend -- they filed an add-on motion here to amend
21 their complaint. That matter has not been heard.
22 That raises an entirely different issue, and that is
23 whether or not you can add another party to a lawsuit
24 under these circumstances. Of course, we take the
25 position, and the case law supports us, that that's

28

1 or you, because you won. The mere fact that they may
2 go against Keller Industries, Inc., that's no -- not
3 your problem. That's another entity, as you're
4 saying. Maybe another lawyer. Another insurance
5 company. Who knows. So that's not a problem that
6 you have. It would just seem to me that that's an
7 issue of whether or not Keller Ladders, Inc. was the
8 real party of interest and the case should have been
9 determined by a motion for summary judgment and the
10 case gone away. Period. Bingo. Out. Ended.
11 But that's just a matter of observation. It
12 has really nothing determinative of the very issues
13 before me today.
14 Are you finished?
15 MR. KAULAS: Yes.
16 MR. HERMAN: Judge, in brief response --
17 actually --
18 THE COURT: Don't be brief just because
19 you think you know what I'm going to do, because I'm
20 not sure yet. You better be thorough in order to --
21 MR. HERMAN: I may not be that brief.
22 Notwithstanding the fact that representation from
23 both counsel at the trial was that I would have no
24 problem in terms of the stipulation with regard to
25 manufacturer, manufacturing of the ladder and putting

27

1 absurd. Especially when they have total, complete,
2 unadulterated knowledge that there were two separate
3 corporate entities. There is no confusion here.
4 THE COURT: Okay. Well, it just is -- without
5 making a conclusive finding on the issue, it just
6 seems to me, by virtue of that response, the
7 plaintiff was justified in relying that Keller
8 Ladders, Inc. was the real party of interest in this
9 case when the response says that Keller Ladders, Inc.
10 bought the liabilities of the manufacturer of the
11 ladder. And I really didn't see that as one of the
12 issues in the case.
13 I tried a case with whether or not the ladder
14 was defectively manufactured, and it was the
15 proximate cause of the plaintiff's injuries. That's
16 the case I tried -- I thought I was trying. And I
17 get back to my original proposition this morning.
18 If, in fact, the defendant felt that it was not
19 liable, because legally liable that it should have
20 determined that, at least attempted to make that
21 determination to a motion for summary judgment.
22 And whether or not they could have amended at
23 that point if they lost the motion for summary
24 judgement, and Keller Ladders, Inc. was out, should
25 be no problem -- no concern of Keller Ladders, Inc.

29

1 it into the stream of commerce.
2 On my witness list was Lillian Macia. You
3 remember her name coming up. She was the corporate
4 representative of KLI who answered all of the
5 interrogatories, who answered insurance purposes
6 letters, representing to us that KLI was the
7 responsible party. Okay? I had her on my witness
8 list. I also asked you at trial in the event that I
9 need to call her for rebuttal, I requested that. It
10 neither was granted or denied. But there were
11 representations made to me of that effect. That's
12 not on the record, okay.
13 But what is on the record is the stipulation
14 that he talks about. I didn't follow the convoluted
15 argument that Mr. Kaulas stated with regard to that
16 stipulation. The fact of the matter is, is when the
17 stipulation was put in that Keller Industries was the
18 manufacturer of the ladder, at that point in time --
19 and this is where Mr. Kaulas gets liability and
20 indemnity confused. Two times that's confused. At
21 that point in time, I also moved to amend the
22 stipulation. And you granted that motion to amend
23 the stipulation to reflect --
24 THE COURT: I'm sorry. Go ahead.
25 MR. HERMAN: My understanding is you not only

8 (Pages 26 to 29)

30

1  granted the motion to amend the pleading, but you
2  also granted on your own a motion to amend the
3  stipulation, reflecting that KLI was the proper
4  party. And so, by them putting the stipulation in
5  saying that Keller Industries manufactured the
6  ladder and you granting the amendment saying that now
7  Keller Ladders is the proper party at interest, I
8  don't see any way they can come back and argue that
9  we didn't have the correct party in there. And if we
10 didn't, the motion to amend is appropriate procedure
11 to take.
12     And, you know, by the way, what Mr. Kaulas
13 says may be the law in Illinois -- and it's
14 interesting that their motion does not cite any case
15 law, and Mr. Kaulas has not brought any case law up
16 today, although he says that the case law supports
17 his argument.
18     I would like to cite to The Court a number of
19 cases to address this issue, and they are right on
20 point. And I cited them in my motion. And if I
21 could approach to The Court --
22     THE COURT: You may.
23     MR. HERMAN: Okay. There are several cases in
24 here. The first one is almost identical to this --
25 to what happened here. Of course you're not going to

31

1  have the exact factual scenario, but basically in
2  that case, a college student brought an action
3  against Palm Beach College and a security
4  corporation. And what he did, was he named the
5  security company as Ace Security, Inc. and not Ace
6  Security Company. But in that case, and all of the
7  rest of the cases that you see up there, the company
8  that sued comes forward and says, hey, we're not the
9  company. Hey, we don't have any responsibility here.
10     And that's not -- and that's the point that
11 you made, that they have a burden to come forward
12 to say something about it. And they didn't. And, in
13 fact, that kind of begs the question as to why did
14 they defend this entire case if they weren't the
15 responsible party?
16     And that's, again, where you get indemnity and
17 liability confused. The fact of the matter is, the
18 jury found the ladder was defective and KLI --
19 Mr. Kaulas is right. KLI and Keller Industries, in
20 my mind, are very, very similar companies, or at
21 least KLI is a successor, what we refer to as
22 successor corporation. Those cases that I handed you
23 are cases that talk about that.
24     Just let me cite them for the record.
25 Williams vs. Palm Beach Community College is found

33

1  the -- sorry.
2     The case that they are citing from
3  actually comes out of here, Cabbott vs. Clearwater
4  Construction. It says, In the spirit of explaining
5  the rules of liberality, the Florida Supreme Court
6  admonished litigants. Now the objective of all
7  pleading is merely to provide a method of setting out
8  the opposing contentions of parties. No longer are
9  we concerned with the tricks -- quote -- "tricks and
10 technicalities of the trade." The trial of a lawsuit
11 should be a sincere effort to arrive at the truth.
12 It is no longer a game of chess in which the
13 technique of the maneuver captures the prize.
14     And that is exactly what the defendants are
15 trying to do here. They would have never tried this
16 case differently. It would have been the same
17 lawyers trying this case. And there is no prejudice
18 to KLI, or for that matter Keller Industries, who is
19 not around anymore. So even if I did sue them, the
20 responsibility is going to lay in the lap of KLI, and
21 there would be no difference in terms of who would
22 ultimately pay that judgment according to their
23 interrogatories.
24     So the fact of the matter is they put a
25 stipulation into evidence. The stipulation was for

32

1  at 8 -- so Williams vs. Palm Beach County
2  Beach Community College is found at 86.
3     And that case is pretty much directly on
4  what we're dealing with here.
5     The next case is Thomas vs. Taylor Creek
6  Marina. Again, in that case, what happened was the
7  plaintiff named Taylor Creek Marina, Inc., and
8  instead the correct defendant was Taylor Creek Marina
9  of Fort Pierce. And The Court allowed an amendment
10 for that also.
11     There is one case that I would like to,
12 particular, cite and read from to The Court. That's
13 Palm Beach County vs. Savage Construction
14 Corporation, which is found at 627 So.2d 1332. In
15 that case, it's talking about amendments and the
16 Relation Back Doctrine. And The Court there cites
17 Rule 1.190(c) talking about amendments and related
18 back to the original pleading. And it talks about it
19 being well settled that the rule is to be construed
20 liberally.
21     Then The Court goes on to say -- and I think
22 this is particularly applicable in this case in light
23 of the interrogatory responses that I have outlined
24 in my motion -- my response to their motion. It says
25 in the spirit of explaining the rules of liberality,

9 (Pages 30 to 33)

34

1  Keller Industries. I am asking -- I did at court,
2  and I think I did at trial, and I think this court
3  granted my motion to amend, to allow Keller
4  Industries to be added as a party.
5      The other cases I would cite is -- are Sexton
6  vs. Panning Lumber Company. Same issue about
7  naming a different company. I think that was a
8  successor company. And they looked at factors in
9  that case as to what constitutes a party that was
10  related or a successor company.
11      Clearly as outlined in my response to their
12  motion, I believe that there's enough there to show
13  that Keller Industries --
14      THE COURT: Well, let me refer to
15  Interrogatory 2, if you would, please. Plaintiff's
16  Interrogatory 2. Have you got it there?
17      MR. KAULAS: Yes.
18      THE COURT: Please identify all responsible
19  entities, including name of the corporation and their
20  applicable insurance company, if any, who is
21  responsible for payment of the jury verdict or
22  settlement in this action should plaintiff prevail
23  in the instant action.
24      Response, "Other than those liabilities for
25  damages which are punitive, or exemplary in nature,

35

1  or arise out of any statutory cause of action which
2  gives rise to any damages which are penal in nature,
3  KLI, Inc. and KLI, Inc., doing business in the State
4  of Florida as KLI Global, Inc.
5      MR. KAULAS: They were a defendant. They
6  would be responsible if, in fact, the plaintiff
7  proved a case against KLI. Of course. The response
8  is that -- that's the appropriate response. If you
9  prove --
10      THE COURT: But it changed its name. It
11  didn't change anything else but its name.
12      MR. KAULAS: I'm sorry. What?
13      THE COURT: Your Keller Ladders, Inc.
14  changed its name to KLI, Inc. Only changed its name.
15      MR. KAULAS: Judge, the manufacturer is Keller
16  Industries, Inc.
17      THE COURT: Well, I'm not on the same --
18      MR. KAULAS: The answer to the
19  interrogatory --
20      THE COURT: The answer to the interrogatory
21  says KLI, Inc. is responsible.
22      MR. KAULAS: If you prove a case against KLI,
23  Inc. Not if you prove a case against Joe Smith, Joe
24  Blow, or Keller Industries, Inc.
25      MR. HERMAN: But they stipulated Keller

36

1  Industries was the manufacturer of the ladder.
2      THE COURT: Please identify all responsible
3  entities including name of the corporation, and
4  applicable insurance company, if any, who is
5  responsible for payment of a jury verdict or
6  settlement in this action --
7      MR. KAULAS: This action.
8      THE COURT: -- should plaintiff prevail in the
9  instant action.
10      MR. KAULAS: And the only entity that's being
11  sued here is Keller Ladders, Inc, KLI, Inc. Not
12  Keller Industries, Inc.
13      MR. HERMAN: Boy, I tell you.
14      THE COURT: Now you and I part ways on that
15  one.
16      MR. KAULAS: Well, I --
17      THE COURT: But the action against -- the
18  action against Keller Ladders is for the manufacturer
19  and distribution of a defective ladder.
20      MR. HERMAN: Not only that, Judge.
21      MR. KAULAS: Judge, excuse me. If I may, the
22  manufacturer of the ladder is Keller Industries,
23  Inc. It has never been a defendant in this lawsuit.
24  Never. They have never filed a pleading against
25  Keller Industries, Inc. The plaintiff in this case

37

1  sued an entity, which we have stipulated and they
2  have stipulated, did not manufacturer the ladder.
3  That only became evidence during the course of our
4  case.
5      THE COURT: If you read the answers to the
6  Interrogatories 1 and 2, they're material to each
7  other. To me, it does not create an issue of whether
8  or not the right person has been sued. To me, it
9  clearly states that Keller Ladder, Inc. is the one
10  who is the proper party before The Court, and all the
11  pleadings and all the answers to interrogatories as
12  to the merits of the case, whether or not it was a
13  defective ladder, have been addressed by the Keller
14  Ladder, Inc. as if they knew everything that had
15  happened to this ladder, and were going to answer the
16  discovery as the real party of interest. Isn't that
17  true?
18      MR. KAULAS: No.
19      THE COURT: No?
20      MR. KAULAS: No. The --
21      THE COURT: You didn't prepare these answers
22  to interrogatories?
23      MR. KAULAS: Yes. The answers --
24      THE COURT: Were there not some answers in
25  here about how the ladder was manufactured?

10 (Pages 34 to 37)

**38**

1    MR. KAULAS:  Judge, excuse me.  In order to
2  sue on a theory of successor liability as the
3  plaintiff now contends he should have sued, in order
4  to sue on a theory of assumption of liability based
5  upon a contract, all of that must be in a pleading.
6  You must plead it.  You can't simply say after a
7  judgement, Oh, by the way, I want to change my theory
8  of liability here.
9    Because before this court, The Court doesn't
10  have any documentation which has the agreement
11  itself.  It doesn't have anything other than the
12  speculation that these answers to interrogatories may
13  create liability.
14    Why -- the court should be asking Mr. Herman,
15  why, Mr. Herman, didn't you sue Keller Industries,
16  Inc?  Why didn't you sue them?  If you -- as
17  Mr. Herman's response is, I didn't have to sue them.
18  I didn't have to sue them.  Then The Court should
19  say, well, then why, Mr. Herman, are you asking to
20  sue them now?
21    THE COURT:  You're absolutely correct.  You
22  are 100% correct.  Couldn't argue with you about you
23  have to allege the standing of the defendant as a
24  party -- as a real party at interest.  But also the
25  law says that you can amend your pleadings after the

**39**

1  judgement to have the judgment conform to the -- or
2  amend your pleadings to have your pleadings conformed
3  to the judgment.
4    And I -- that's the whole purpose of that, is
5  when there is that type of mistake that comes up that
6  is not material to the -- not affect the case in
7  chief, and that was whether or not this ladder was
8  defectively manufactured, that the pleadings can be
9  amended after the judgement.
10    MR. KAULAS:  To the dis- -- but to the
11  disadvantage of the defendant that has the respons-
12  -- has the right --
13    THE COURT:  How is the defendant disadvantaged
14  in this case?
15    MR. KAULAS:  Because Keller Industries, Inc.
16  has the absolute right in the State of Florida to
17  rely upon the statute of limitations.  It has the
18  absolute right as a defense.  A defense.  And by
19  saying after the fact it doesn't really make any
20  difference, you are depriving --
21    THE COURT:  Was the statute of limitations
22  raised as a defense in this case?
23    MR. HERMAN:  No, it was not.
24    MR. KAULAS:  They haven't pleaded -- they
25  haven't amended the pleading, Judge.  They haven't --

**40**

1  that's why they won't amend the pleading, because
2  we raised the statute of limitations in defense,
3  because they didn't sue in an appropriate time.
4    MR. HERMAN:  That's the whole purpose of the
5  Relation Back Doctrine.  Mr. Kaulas may not be
6  familiar with that, but all the cases that I referred
7  to you there talk about the Relation Back Doctrine in
8  exactly these circumstances.
9    So the amendment if granted, which I believe
10  it was granted, would relate back to the time of
11  filings.  And that is not a issue, and that is not a
12  prejudice --
13    THE COURT:  I am going to deny the motion for
14  a judgement notwithstanding the verdict in so far as
15  the amendment is concerned.  And I think the only
16  thing that really needs to be amended is just the
17  style of the case to say that Keller Ladders, Inc.
18  is a successor to Keller Industries.
19    MR. HERMAN:  And would The Court want me to
20  file a pleading to that?
21    THE COURT:  Yes.  Absolutely.  Well, in order
22  -- an order allowing the amendment to read as
23  follows, and then that's what the -- that's what the
24  amendment will read.
25    MR. HERMAN:  Okay.

**41**

1    THE COURT:  Okay.  Now the second one is on
2  the question of liability.  Wasn't there a second
3  issue on that?
4    MR. KAULAS:  I'm sorry.  What -- yes, Your
5  Honor.
6    THE COURT:  I thought you had a three-fold
7  argument in this thing.  One was what you just
8  argued.  The other one was question of whether or not
9  there was -- the evidence justified a verdict for the
10  plaintiff that the ladder was manufacturally
11  defective, and then --
12    MR. KAULAS:  There were two, Your Honor.
13    THE COURT:  Two?  Well, let's see.  Okay.
14  This other one, on the -- another issue, the record
15  does not disclose whether The Court amended the joint
16  pretrial stipulation at trial.  That issue is moot.
17  Let's hear the -- unless you abandoned that part of
18  it.
19    MR. KAULAS:  Well, no, we didn't abandon it.
20  The record is clear.  The Court did not allow an
21  amendment.
22    THE COURT:  Okay.  No.  I mean as far as the
23  issue on the -- I said it was that issue.
24    MR. KAULAS:  Well, before we go further,
25  precisely what is The Court allowing Mr. Herman to

11 (Pages 38 to 41)

**42**

1　do, and what is Mr. Herman doing?  Is Mr. Herman --
2　　　THE COURT:  Mr. Herman stated -- what it is
3　that you want and then I will -- I will state what it
4　is I'm granting.
5　　　MR. HERMAN:  Okay.  Judge, the cases that I
6　cited to you, I want to be sure that, in particular,
7　the first one there, Palm Beach County --
8　　　THE COURT:  I don't need to hear the case
9　again.  You already argued those.
10　　　MR. HERMAN:  I want to --
11　　　THE COURT:  Check the language?
12　　　MR. HERMAN:  Yes, I do.  That's exactly right.
13　Yeah.  What was filed there and granted was a motion
14　for leave to amend complaint to substitute party
15　defendant, and in the alternative add a defendant.
16　That's what I would like to do here.  And whether
17　it's a success --
18　　　THE COURT:  Say it again.
19　　　MR. HERMAN:  Motion -- motion for leave to
20　amend the complaint to substitute a party defendant,
21　or in the alternative to add a party.  That's my
22　motion.  And it really requires granted or denied.
23　And you have already given your thoughts on the
24　record with regard to it being a successor
25　corporation.

**43**

1　　　I just don't want to get caught up into that
2　actually being a factual scenario or not.  But I can
3　understand The Court's thinking based on the
4　interrogatories, because quite frankly that's what I
5　think, too.  So the motion should just be granted --
6　　　THE COURT:  In abundance with caution, I will
7　grant the motion and add to it and/or successor
8　corporation.
9　　　MR. HERMAN:  Thank you, Your Honor.
10　　　THE COURT:  It's covered in that standpoint.
11　Okay.  State the second part of the motion of
12　liability.
13　　　MR. HERMAN:  And the -- with respect --
14　　　THE COURT:  I'm sorry.  Did that answer your
15　question?
16　　　MR. KAULAS:  I've got a response to that,
17　because obviously -- Mr. Herman hasn't completed his
18　thought.
19　　　MR. HERMAN:  All I was going to say is that
20　The Court didn't mention if you were denying that
21　portion of his motion with regard to this -- the
22　different companies.
23　　　THE COURT:  That's correct.
24　　　MR. HERMAN:  Thank you.
25　　　MR. KAULAS:  Okay.  The first thing, is to

**44**

1　grant a motion, either/or motion without any
2　pleading whatsoever, our position is that's
3　inappropriate because we can't possibly respond to an
4　either/or.  But since that's what The Court has done,
5　I have got to respond to each one.
6　　　If The Court is granting a motion to
7　substitute a party, I'm not sure who is being
8　substituted for what.  And I would ask Mr. Herman to
9　inform us who he is substituting for.
10　　　THE COURT:  Okay.  Let me say this, just to
11　clarify it, if possible.  As far as The Court is
12　concerned, based on the answer to Interrogatories 1
13　and 2, Keller Ladders, Inc. and Keller Industries,
14　Inc. are one in the same, as far as I'm concerned,
15　by virtue of the fact that Keller Ladders, Inc.
16　assumed the liabilities of Keller Industries, Inc.
17　　　So how the amendment is phrased, in order to
18　accurately reflect that finding on my part is either
19　adding Keller Industries, Inc. or merely stating
20　that Keller Ladders, Inc. is a successor to the
21　liabilities and to the responsibilities of
22　Industries, Inc, Keller Industries, Inc.
23　　　That's what I want to happen.  That's the
24　ruling on this case.  So I'm going to just say that
25　Keller Ladders, Inc. is a successor to the

**45**

1　liabilities of Keller Industries, Inc. by virtue of
2　the answers to the interrogatories of the Plaintiff 1
3　and 2.
4　　　And it did not seem that was ever an issue as
5　to whether or not Keller Ladders, Inc. would be
6　responsible in the event of a verdict, by virtue of
7　the fact that it was not the actual manufacturer of
8　the ladder.
9　　　MR. KAULAS:  By The Court's comment, The Court
10　is not allowing the plaintiff to add Keller
11　Industries, Inc. as a party defendant.  The Court is
12　ruling that based upon answers to interrogatories,
13　The Court finds that KLI is responsible by virtue of
14　answers to interrogatories.
15　　　THE COURT:  Is the real party at interest in
16　this case by virtue of the answer to the
17　interrogatories.
18　　　MR. HERMAN:  This is the gamesmanship that
19　kind of, quite frankly, scares me with regard --
20　　　THE COURT:  I would like to state for the
21　record, so if the appellate court looks it over they
22　may say the form is not correct, but certainly the
23　substance is correct.
24　　　MR. HERMAN:  I understand.  That's what we
25　have been battling in here today ever since this case

12 (Pages 42 to 45)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

46

1    was filed.
2        THE COURT: They are not going to reverse --
3    if, in fact, they feel as I do that Keller Ladder,
4    Inc. was the real party at interest by virtue of
5    that agreement, which is not in dispute, which is
6    actually the substance that's been furnished by the
7    defendant themselves, then they are not going -- I
8    don't believe, going to reverse me simply because I
9    couldn't accurately articulate it, if the substance
10    of my ruling is fairly made and they can understand
11    it.
12        MR. KAULAS: Okay.
13        THE COURT: Okay.
14        MR. KAULAS: The reason I'm asking, Judge, is
15    because this add-on motion, once again, we have never
16    had a pleading. So as a result, I can't address the
17    pleading which we have never had. I can't
18    affirmatively object on the basis of a -- I can't
19    affirmatively respond to a pleading which I have
20    never seen.
21        THE COURT: Well, I will state for the record
22    that you didn't seem to have any problem articulating
23    your argument by understanding it and knowing your
24    position, is that you object to any amendment because
25    -- for the reasons you have given today.

47

1        MR. KAULAS: Correct.
2        THE COURT: Didn't seem to me you were
3    under any disability understanding what he was
4    attempting to do for lack of a written pleading.
5        MR. HERMAN: Well, there is a written
6    pleading.
7        THE COURT: I'm just saying, he has argued
8    that there is not.
9        MR. KAULAS: There is no written pleading
10    where the counsel has responded with --
11        MR. HERMAN: I'm sorry. You're right. There
12    is a motion.
13        THE COURT: In answer to your statement, sir,
14    you have articulated with great clarity your
15    position, and I hope I have understood your position,
16    and so the lack of a written motion has not, to me,
17    prevented you from making your position well known to
18    The Court.
19        MR. KAULAS: Fair enough. With reference to
20    the -- The Court's ruling, we would object to the
21    ruling for the following reasons:
22        Number 1, the answers to interrogatories do
23    not, in our position, create successor liability, do
24    not create indemnity. As a result, those answers to
25    interrogatories did not excuse the plaintiff from

48

1    suing the appropriate defendant, which would have
2    been Keller Industries, Inc. The answers to
3    interrogatories, if, in fact, they do create
4    successor liability, create indemnity. Those answers
5    to interrogatories were never, if you will, converted
6    into a pleading, an amended pleading against my
7    client, in which it was alleged that my client was
8    responsible to the plaintiff by virtue of those
9    answers to interrogatories.
10        Next, those answers to interrogatories were
11    never offered into evidence during the course of the
12    case, before the trier of the fact, to determine
13    whether or not the trier of the fact would come to
14    the same conclusion that The Court has come to. We
15    do not believe that The Court, in essence, can stop
16    the defense that the defendant has raised by saying
17    these answers to interrogatories allow a substitution
18    of a party defendant after the fact. But The Court
19    is, in essence, ruling on an issue of indemnity
20    without any documentation whatsoever, which would
21    include the agreements between KU- --
22        THE COURT: Indemnity doesn't apply in this
23    case. I mean, indemnity comes by virtue of vicarious
24    liability. In this case Keller Ladders, Inc.
25    assumed that responsibility by virtue of their

49

1    contract. So that's not vicarious. That's direct
2    and real liability.
3        MR. KAULAS: The Court -- The Court has never
4    seen the contract.
5        THE COURT: I'm just going by what you
6    described it.
7        MR. KAULAS: Well, the description of the
8    contract -- a description of the contract is not a
9    contract. In order to plead a contract, one must
10    attach a contract to a pleading, or at least plead
11    the substance thereof.
12        If, in fact, Mr. Herman's position was that
13    those answers to interrogatories created a cause of
14    action, then under those circumstances he should have
15    pleaded it. He hasn't even pleaded it now. And
16    therefore, we take the position that The Court is, in
17    essence, making a determination of contract liability
18    without ever seeing the contract. And as we take the
19    position, the contract calls for the -- various
20    things, including suing the appropriate party, which
21    would be Keller Industries, Inc. and a demand by
22    Keller Industries, Inc. for indemnity, not a ruling
23    of indemnity, if you will, under circumstances which
24    we understand The Court has ruled.
25        THE COURT: You're not suggesting Keller

13 (Pages 46 to 49)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

50

```
 1    Ladders, Inc. didn't answer the interrogatory
 2    correctly by saying they assumed the responsibility.
 3    I mean, I -- I'm just thinking the plain language of
 4    the answer. That's all I'm looking at.
 5         MR. KAULAS: If, in fact, that is an
 6    appropriate interpretation of the interrogatory, then
 7    it should have been pleaded. That's our position.
 8         THE COURT: Oh. Oh. Oh. You said I had to
 9    see the contract to know actually what it said, and
10    I'm just questioning that statement in view of the
11    fact that when you read the answer of the defendant,
12    the plain language of the answer is that it assumed
13    the liability. So I don't need to read the -- read
14    the contract in order to understand what they are
15    telling me now. If they are telling me that and it's
16    not correct, I should read the contract, that's
17    something else. But I'm not going to do that.
18         MR. KAULAS: I understand that. But I think
19    it assumes certain liabilities.
20         MR. HERMAN: Judge, one last thing. Since,
21    based on the proceedings, in terms of the preciseness
22    that Mr. Kaulas -- may I approach?
23         THE COURT: Let me give you a little hint.
24    When you're ahead, don't --
25         MR. HERMAN: I understand, Judge. I'm not
```

51

```
 1    going to re-argue anything. The only thing I need
 2    added to the order is that this amendment relates
 3    back to the initial time that we were filing,
 4    pursuant to all those cases.
 5         THE COURT: Okay. The next issue.
 6         MR. KAULAS: Excuse me. We would object. You
 7    can't relate a pleading back to the beginning of time
 8    without any legal justification.
 9         MR. HERMAN: It wasn't the beginning of time.
10    You know what? Quite frankly --
11         THE COURT: The law says that.
12         MR. HERMAN: -- the law -- if you had some law
13    to support those contentions --
14         THE COURT: Argue to me, please.
15         MR. HERMAN: The cases I have given you all
16    talk about the Relation Back Doctrine.
17         THE COURT: I don't even have to put that in
18    the order. I mean, it's just understood legal maxim
19    that relates back to the original complaint.
20         MR. HERMAN: Thank you, Your Honor.
21         THE COURT: Okay. The next argument, please.
22         MR. KAULAS: The next argument deals with the
23    -- The Court may recall that the theory of liability
24    in the case was -- required a certain fact. A theory
25    of liability required that the accident ladder be
```

52

```
 1    extended six inches, a minimum of six inches. That
 2    was a fact that was required by physics. The ladder
 3    couldn't possibly malfunction unless it was extended
 4    six inches.
 5         In this particular case, the only person that
 6    hypothecated that the ladder was extended six inches,
 7    and the person that, if you will, suggested that the
 8    ladder extended six inches, was the plaintiff's
 9    expert, John Morris. And Morris admitted that in
10    order to have the ladder function as he claimed, it
11    must be extended six inches.
12         The plaintiff testified unequivocally that he
13    never extended the ladder at all. Unequivocally. He
14    never extended the ladder at all. Thus the
15    testimony, we move to -- to strike the testimony of
16    John Morris as being conjecture. The Court denied
17    that motion. We reasserted the same motion at the
18    end of all the evidence, and that was denied.
19         The law, as I understand it, is clear that an
20    expert's testimony can only be based upon
21    uncontradicted evidence. And in this particular
22    instance, the uncontradicted evidence, according to
23    the plaintiff, the only actual witness was that he
24    never extended the accident ladder.
25         Now, there was conflicting evidence as to
```

53

```
 1    whether or not the ladder telescoped. There were two
 2    eyewitnesses who said the ladder telescoped. And the
 3    defense expert's hypothecate that that was unlikely
 4    based upon his reconstruction. The fact that there
 5    were three witnesses that testified the ladder
 6    telescoped, the plaintiff and two others, is
 7    irrelevant to the issue of liability. The issue of
 8    liability was not based upon the concept that the
 9    ladder, if extended, could telescope. The theory of
10    liability was that the ladder had to be extended six
11    inches, and then telescoped.
12         In order to telescope the ladder, all one has
13    to do is extend the ladder two-and-a-half inches.
14    Thus, the plaintiff's theory that the ladder
15    telescoped, the evidence that the ladder telescoped
16    was not inconsistent with the fact that the plaintiff
17    may have extended the ladder two-and-a-quarter
18    inches. But the liability would not attach to that
19    factual situation, regardless of the circumstances.
20    The plaintiff simply extended the ladder
21    two-and-a-quarter inches, and the ladder telescoped.
22         The liability claim being made did not come --
23    come into focus. It was not part and parcel of the
24    evidence in the case. So therefore, the expert's
25    testimony, in our opinion, should have been stricken,
```

14 (Pages 50 to 53)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

**54**

1 and the theory of liability, of course, should have
2 been dismissed, since the physics could not possibly
3 have been created in order to support the theory
4 of liability.
5 Thank you.
6 THE COURT: Thank you, sir.
7 MR. HERMAN: Judge, this will be a brief
8 response. Mr. Kaulas ignores what the jury heard and
9 saw. There were two witnesses, if you remember, that
10 heard the ladder telescope, and also after the fact
11 saw that the ladder was in a, lack of a better word,
12 somewhat of a telescoped position. The only way that
13 can happen is that if at some point it's extended,
14 and then the ladder telescopes like it did from the
15 roof.
16 And not only that. Mr. Kaulas' argument
17 completely ignores the fact that this ladder did not
18 come with a fly-lock lock, a quick-latch foot, is
19 what we called it. And we showed the jury a
20 Louisville Ladder that had a quick latch, which would
21 lock the ladder in place so that you could not extend
22 it from where Mr. McCormack was.
23 So that being the case, the jury has spoken.
24 They considered the evidence. And I don't think
25 there's any basis in this record to either strike

**55**

1 Mr. -- Dr. Morris as a witness or to grant this
2 judgment NOV based on those contentions by the
3 defendant. Thank you.
4 THE COURT: Okay. Anything else?
5 MR. KAULAS: Yes. Obviously the quick latch
6 argument, the quick latch was no evidence -- not only
7 no evidence. The evidence was that the quick latch
8 was not manufactured until after this ladder -- the
9 subject ladder was manufactured. That was Number 1.
10 The patent was applied for before this particular
11 ladder was manufactured.
12 But most importantly, in order to utilize a
13 quick latch, one would have to have some access to
14 the patent, some access to license. There was no
15 evidence whatsoever that Louisville, the holder of
16 the patent, licensed this, agreed to license it, or
17 did anything with reference to licensing.
18 So our position at the time, of course, was
19 The Court erred by allowing this device into evidence
20 when there was no -- there was nothing to suggest
21 that the defendant would have even the right to use
22 such a thing if, in fact, they chose to do so. And
23 of course, there was no evidence that such -- by any
24 witness in the case that anybody had ever seen the
25 application do the patent. So therefore, under

**56**

1 those circumstances, we believe it was error for The
2 Court to allow the evidence of the quick latch in.
3 THE COURT: Thank you. Well, I believe then,
4 and I believe now it was sufficient evidence to
5 create issues of fact for the jury the determine. So
6 the motion is denied. Okay. I have got this final
7 judgement. Have you seen this final judgement? The
8 question is, can I sign it in its present form, or
9 should we wait --
10 MR. HERMAN: Judge, I would rather wait and I
11 will resubmit.
12 THE COURT: So resubmit a judgement, give him
13 a copy of it, and with an opportunity to object to
14 its form, not agree to it as such because he's made
15 an argument quite clear on that. And if you would
16 take your cases back so I don't have to --
17 MR. SACHS: Judge, I want to give you an
18 order. I just want to show it to Mr. Herman denying
19 our motion for a JNOV. It's very simple.
20 THE COURT: Okay. That's fine.
21 MR. HERMAN: Okay.
22 THE COURT: Now, I see in there that -- is
23 this okay to sign this, gentlemen?
24 MR. SACHS: Yeah. I just gave it to
25 Mr. Herman.

**57**

1 MR. HERMAN: The order? Yes.
2 THE COURT: I see also the order retains
3 jurisdiction for the establishment of costs. And if
4 you can't agree to what the costs are, you don't have
5 to come back here in a hearing. We can set it up on
6 a telephone conference.
7 MR. HERMAN: Okay.
8 THE COURT: For that purpose -- unless you
9 want to come down here to Pinellas County. It's a
10 very pretty county. We've got some of the best
11 beaches in the world.
12 MR. KAULAS: Your Honor, I wish to file this
13 at my -- my affidavit with the list.
14 THE COURT: That's fine. I am going to let it
15 be received.
16 MR. HERMAN: Over still -- my objection.
17 THE COURT: Over your objection. I haven't
18 got a clerk here, so I will give it to the clerk.
19 MR. HERMAN: Okay.
20 THE COURT: Well, this file is in Broward
21 County, so I'm going to write on here, accepted for
22 filing on 3/27/06 by Senior Circuit Judge Robert E.
23 Beach, and then you send this to the clerk's office
24 in Broward County.
25 MR. SACHS: I will do a notice of filing on

15 (Pages 54 to 57)

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

**58**

1    it, is what I will do.
2        THE COURT: That's fine.
3        MR. SACHS: I guess the same thing regarding
4    your order denying our motion. When he brings it
5    back, I will file the original in Broward.
6        THE COURT: That's fine.
7        MR. SACHS: Is that okay with you?
8        MR. HERMAN: I didn't hear what you said.
9        THE COURT: Thank you, gentlemen.
10       MR. KAULAS: Thank you judge.
11       THE COURT: It was an interesting case, and I
12   will look forward to reading it in the Southern
13   Reporter.
14       THE COURT REPORTER: Do you need it
15   transcribed, Mr. Sachs?
16       MR. SACHS: Yes.
17       THE COURT REPORTER: And would you like a mini
18   or ASCII?
19       MR. SACHS: Mini.
20       THE COURT REPORTER: And send it to you?
21       MR. SACHS: You can send it to me.
22       THE COURT REPORTER: Would you like a copy,
23   sir?
24       MR. HERMAN: Not yet.
25       (Whereupon, the proceedings were concluded at

**59**

1        10:27 a.m.)
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**60**

1                CERTIFICATE OF REPORTER
2
3    STATE OF FLORIDA
4    COUNTY OF HILLSBOROUGH
5
6        I, AMY T. DesCHENES, certify that I was authorized
7    and did stenographically report the foregoing deposition; and
8    that the transcript is a true record of the testimony given
9    by the witness.
10
11       I further certify that I am not a relative, employee,
12   attorney, or counsel of any of the parties, nor am I a
13   relative or employee of any of the parties' attorneys or
14   counsel connected with the action, nor am I financially
15   interested in the action.
16       Dated this _____ day of _____, 2006.
17
18       _____
19       AMY T. DESCHENES
20       COURT REPORTER
21
22
23
24
25

16 (Pages 58 to 60)

**A**

abandon 41:19
abandoned 41:17
about 15:3 24:14 25:25 26:14 29:14 31:12,23 32:15,17,18 34:6 37:25 38:22 40:7 51:16
absolute 39:16 39:18
absolutely 38:21 40:21
absurd 27:1
abundance 43:6
accepted 57:21
access 55:13,14
accident 4:10 7:25 8:11 10:5 10:7 11:14 20:2 51:25 52:24
according 5:22 33:22 52:22
accurately 44:18 46:9
Ace 31:5,5
action 9:7 15:9 16:1 19:15 20:22,24 23:16 24:11 31:2 34:22,23 35:1 36:6,7,9,17,18 49:14 60:14,15
actual 5:12 45:7 52:23
actually 26:3 28:17 33:3 43:2 46:6 50:9
add 17:17 26:23 42:15,21 43:7 45:10
added 14:20

adding 44:19
address 3:13 7:21 21:1 30:19 46:16
addressed 4:7 37:13
add-on 14:20 26:20 46:15
admitted 52:9
admonished 33:6
Adolfsen 2:4
affect 39:6
affidavit 11:3,4 11:20,24 12:5 57:13
affirm 24:11
affirmatively 46:18,19
affirmed 25:6
after 6:8 10:10 11:1 13:4 14:2 38:6,25 39:9 39:19 48:18 54:10 55:8
again 10:16,25 24:21 25:4,4 31:16 32:6 42:9,18 46:15
against 3:20 4:13 8:16 10:11 12:11 19:23 20:10 23:16 25:16 28:2 31:3 35:7 35:22,23 36:17 36:18,24 48:6
agree 16:21 19:11 56:14 57:4
agreed 12:16 55:16
agreement 9:8 15:10 16:8 17:11,13,15

18:6,14,22,23 18:24 19:4 20:17,19 23:17 38:10 46:5
agreements 48:21
ahead 24:11 29:24 50:24
allegation 8:22
allegations 4:18
allege 17:14 19:20 38:23
alleged 22:23 48:7
Allen 10:22 11:9
allow 14:15 34:3 41:20 48:17 56:2
allowed 32:9
allowing 24:12 40:22 41:25 45:10 55:19
almost 30:24
already 42:9,23
alternative 42:15,21
although 30:16
amend 5:11 14:2 14:7,15,19 17:16 21:5,10 22:8 23:21 24:1,12 25:21 26:3,5,10,16 26:20,20 29:21 29:22 30:1,2 30:10 34:3 38:25 39:2 40:1 42:14,20
amended 5:15 13:17 14:9 22:5 25:22,23 25:25 26:7,18 27:22 39:9,25 40:16 41:15 48:6
amendment

14:16 25:24 26:11 30:6 32:9 40:9,15 40:22,24 41:21 44:17 46:24 51:2
amendments 32:15,17
AMY 1:17 60:6 60:19
and/or 43:7
another 8:9 24:2 26:23 28:3,4,4 41:14
answer 4:14 9:10,17 16:13 16:17,17 17:20 18:4,8 19:6 20:11 23:25 35:18,20 37:15 43:14 44:12 45:16 47:13 50:1,4,11,12
answered 10:9 18:9 29:4,5
answers 8:21 10:13 11:16 25:17 37:5,11 37:21,23,24 38:12 45:2,12 45:14 47:22,24 48:2,4,9,10,17 49:13
Anticipating 14:1
anybody 55:24
anymore 33:19
anything 4:3 26:6,7 35:11 38:11 51:1 55:4,17
appear 16:13
APPEARANC... 2:1
appears 3:16
appellate 45:21

applicable 32:22 34:20 36:4
application 55:25
applied 55:10
apply 48:22
approach 30:21 50:22
appropriate 8:16 30:10 35:8 40:3 48:1 49:20 50:6
approved 13:7
April 7:24 8:4,9 9:12,24 15:14
argue 30:8 38:22 51:14
argued 41:8 42:9 47:7
arguing 11:1
argument 29:15 30:17 41:7 46:23 51:21,22 54:16 55:6 56:15
arise 3:25 15:25 35:1
arose 16:15
around 33:19
arrangement 18:10
arrive 33:11
articulate 46:9
articulated 47:14
articulating 46:22
ASCII 58:18
asked 23:10 29:8
asking 34:1 38:14,19 46:14
asks 13:9
asset 17:10 23:17
assets 16:5,22
ASSOCIATES

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

1:22
assume 15:24
  19:17
assumed 15:22
  21:25 44:16
  48:25 50:2,12
assumes 50:19
assuming 26:4
  26:17
assumption
  21:17 38:4
attach 14:9
  49:10 53:18
attachment
  11:20
attempted 13:18
  13:19 27:20
attempting 6:7
  26:19 47:4
attorney 5:14
  8:25 12:10
  60:12
attorneys 60:13
authorized 60:6
Avenue 2:6
aware 3:6 8:25
  12:11 13:11
away 28:10
a.m 1:13,13 59:1

_____

**B**

back 27:17 30:8
  32:16,18 40:5
  40:7,10 51:3,7
  51:16,19 56:16
  57:5 58:5
background
  7:23
bankruptcy
  9:12,21,23
  10:1,3,6,7,19
  13:21 15:1,2
  15:14
based 3:21 5:24
  6:25 14:12
  17:10,14 18:4

23:6,7,10,17
  25:16 26:2,11
  26:16 38:4
  43:3 44:12
  45:12 50:21
  52:20 53:4,8
  55:2
basically 31:1
basis 4:11 14:12
  17:23 46:18
  54:25
battling 45:25
Beach 1:12 31:3
  31:25 32:1,2
  32:13 42:7
  57:23
beaches 57:11
became 10:23
  16:24 37:3
before 1:12
  12:16 20:2,8
  24:24 28:13
  37:10 38:9
  41:24 48:12
  55:10
beginning 2:20
  51:7,9
begs 31:13
being 23:15
  32:19 36:10
  42:24 43:2
  44:7 52:16
  53:22 54:23
believe 5:16
  11:12 34:12
  40:9 46:8
  48:15 56:1,3,4
believed 13:14
  23:16
beneficiaries
  17:13 19:4
best 57:10
better 28:20
  54:11
between 5:12
  9:6,8 10:14,18

13:11,15,20
  15:8,10 17:11
  18:10 48:21
big 6:23
**Bingo** 28:10
**Blow** 35:24
both 28:23
bought 27:10
**Boy** 36:13
brief 28:16,18
  28:21 54:7
brings 58:4
brought 30:15
  31:2
**Broward** 1:1
  57:20,24 58:5
building 2:5
  9:14 15:16
burden 19:19
  31:11
**BURY** 1:22
business 9:5
  10:14 15:8
  16:12 20:3
  35:3
buy 24:1

_____

**C**

**Cabbott** 33:3
**CACE** 1:5
call 29:9
called 54:19
calls 49:19
captures 33:13
cares 11:7
case 1:5 3:2 4:8
  4:21 5:4 6:23
  6:24 11:25
  12:15,21 13:1
  14:22 18:2
  22:4 26:25
  27:9,12,13,16
  28:8,10 30:14
  30:15,16 31:2
  31:6,14 32:3,5
  32:6,11,15,22

33:2,16,17
  34:9 35:7,22
  35:23 36:25
  37:4,12 39:6
  39:14,22 40:17
  42:8 44:24
  45:16,25 48:12
  48:23,24 51:24
  52:5 53:24
  54:23 55:24
  58:11
cases 30:19,23
  31:7,22,23
  34:5 40:6 42:5
  51:4,15 56:16
caught 43:1
cause 16:1 19:15
  20:22,24 23:16
  27:15 35:1
  49:13
caution 43:6
**CENTER** 1:14
certain 15:22
  50:19 51:24
certainly 45:22
**Certificate** 2:22
  60:1
certify 60:6,11
**CFO** 10:22
  11:18
change 35:11
  38:7
changed 15:20
  16:3,9,11
  35:10,14,14
**Chapter** 9:25
**Check** 42:11
chess 33:12
**Chicago** 2:10
chief 39:7
chose 10:11
  55:22
**Circuit** 1:1,1
  57:22
circumstances
  13:16 26:24

40:8 49:14,23
  53:19 56:1
cite 30:14,18
  31:24 32:12
  34:5
cited 30:20 42:6
cites 32:16
citing 33:2
claim 4:12 5:10
  5:11 7:13 17:5
  20:15 53:22
claimed 52:10
clarify 44:11
clarity 47:14
clear 41:20
  52:19 56:15
clearly 34:11
  37:9
**Clearwater** 1:16
  33:3
clerk 57:18,18
clerk's 57:23
client 8:18 48:7
  48:7
college 31:2,3,25
  32:2
come 11:24 30:8
  31:11 48:13,14
  53:22,23 54:18
  57:5,9
comes 31:8 33:3
  39:5 48:23
coming 6:18
  29:3
comment 3:23
  45:9
commerce 29:1
**Community**
  31:25 32:2
companies 31:20
  43:22
company 16:6
  17:2 19:21,24
  28:5 31:5,6,7,9
  34:6,7,8,10,20
  36:4

6:09-cv-01623-JMC    Date Filed 12/10/09    Entry Number 30-2    Page 19 of 29
6:09-cv-01623-HFF    Date Filed 12/10/09    Entry Number 30-2    Page 19 of 29

63

14:7,9 24:2
25:22,23,25
26:18,21 42:14
42:20 51:19
complete 27:1
completed 43:17
completely
54:17
concept 53:8
concern 27:25
concerned 14:23
24:13 33:9
40:15 44:12,14
concerning
12:16
concluded 58:25
conclusion
48:14
conclusive 27:5
condition 19:25
conference 57:6
confirmed 22:8
22:9
conflicting
52:25
conform 39:1
conformed 39:2
confused 29:20
29:20 31:17
confusing 8:9
confusion 27:3
conjecture 52:16
connected 60:14
considered
54:24
consisted 9:13
15:15
constitutes 34:9
Construction
32:13 33:4
construed 32:19
contend 14:21
contends 38:3
contentions 33:8
51:13 55:2
continue 6:10

7:15 19:10
continued 10:3,6
contract 38:5
49:1,4,8,8,9,9
49:10,17,18,19
50:9,14,16
contrary 7:5
converted 48:5
convoluted
29:14
copy 9:21 56:13
58:22
corners 20:21,23
Corp 9:15 11:5
corporate 11:17
12:13 13:15,15
13:20,25 22:24
22:25 27:3
29:3
corporation 1:6
15:17,22 16:3
16:23 19:14
31:4,22 32:14
34:19 36:3
42:25 43:8
corporations
13:16
Corporation's
15:21
correct 8:8,10
21:14 23:2
24:15 30:9
32:8 38:21,22
43:23 45:22,23
47:1 50:16
corrected 22:11
correctly 50:2
costs 57:3,4
counsel 12:3
28:23 47:10
60:12,14
county 1:1,14
3:2 32:1,13
42:7 57:9,10
57:21,24 60:4
course 7:20 14:4

14:7 20:9
21:10,20,21
22:19 23:14
26:24 30:25
35:7 37:3
48:11 54:1
55:18,23
court 1:1 3:1,5,6
3:8,9 4:3,14,16
4:20,24 5:2,5
5:17 6:11,14
6:18,22 7:16
8:2,5,6 9:18,22
9:23 10:19
11:2,7,22 12:1
14:14,21 15:1
15:3,7 16:21
17:16 18:19,23
18:25 19:5,11
20:14 21:4,9
21:17,22,24
22:7,16,20
23:2,7,10,20
24:7,11,18,23
25:4,11,13,19
25:21,24 26:1
26:2,3,4,8,9,11
26:12,12,15
27:4 28:18
29:24 30:18,21
30:22 32:9,12
32:16,21 33:5
34:1,2,14,18
35:10,13,17,20
36:2,8,14,17
37:5,10,19,21
37:24 38:9,9
38:14,18,21
39:13,21 40:13
40:19,21 41:1
41:6,13,15,20
41:22,25 42:2
42:8,11,18
43:6,10,14,20
43:23 44:4,6
44:10,11 45:9

45:11,13,15,20
45:21 46:2,13
46:21 47:2,7
47:13,18 48:14
48:15,18,22
49:3,3,5,16,24
49:25 50:8,23
51:5,11,14,17
51:21,23 52:16
54:6 55:4,19
56:2,3,12,20
56:22 57:2,8
57:14,17,20
58:2,6,9,11,14
58:17,20,22
60:20
COURTROOM
1:15
courts 9:20
Court's 20:4,5
43:3 45:9
47:20
covered 43:10
create 20:24
37:7 38:13
47:23,24 48:3
48:4 56:5
created 5:15
22:2 49:13
54:3
Creek 32:5,7,8
CRIMINAL
1:14
CYPRESS 1:22

——— D ———
damages 15:24
16:2 34:25
35:2
date 1:13 7:23
7:24 8:9,11
Dated 60:16
day 60:16
dealing 32:4
deals 51:22
DEBORAH 1:3

declared 9:12
15:14
decree 10:4
defective 31:18
36:19 37:13
41:11
defectively
27:14 39:8
defend 5:4 16:25
31:14
defendant 1:7
2:3 4:19,13 5:19
8:20 12:13,22
13:2 14:23
16:25 19:20
21:11 27:18
32:8 35:5
36:23 38:23
39:11,13 42:15
42:15,20 45:11
46:7 48:1,16
48:18 50:11
55:3,21
defendants
33:14
defendant's 8:5
defense 6:15
12:4,21 19:20
22:16 39:18,18
39:22 40:2
48:16 53:3
Delaware 9:13
9:23 10:20
13:21 15:15
demand 49:21
denial 8:22
denied 4:18
29:10 42:22
52:16,18 56:6
deny 4:15,16,17
40:13
denying 43:20
56:18 58:4
deposition 60:7
depriving 39:20
DesCHENES

Klein, Bury, Reif, Applebaum & Associates
A U.S. Legal Support Company

1:17 60:6,19
described 49:6
description 49:7
  49:8
Despite 10:12
determination
  27:21 49:17
determinative
  28:12
determine 48:12
  56:5
determined
  27:20 28:9
device 55:19
differ 20:14
difference 33:21
  39:20
different 12:13
  14:5 17:18
  22:17 26:22
  34:7 43:22
differentiation
  13:11
differently
  33:16
direct 49:1
directly 32:3
director 11:11
directors 11:4,9
dis 39:10
disability 47:3
disadvantage
  39:11
disadvantaged
  39:13
disclose 41:15
discovery 37:16
discussion 26:4
  26:17
dismissed 54:2
dispute 46:5
distribution
  36:19
District 9:22,23
  10:19
division 9:14,14

9:15 15:16,16
15:17,22,23
19:19
docket 9:23,24
10:2
Doctrine 32:16
40:5,7 51:16
document 25:10
25:21
documentation
38:10 48:20
doing 6:5 16:11
23:23 26:19
35:3 42:1
done 20:7,7,9
25:22 44:4
Doss 10:22 11:9
doubt 26:1
down 23:25 57:9
Dr 55:1
during 14:14
21:9,20,21
37:3 48:11

——————
E
E 57:22
each 37:6 44:5
effect 29:11
effort 33:11
either 11:8 13:8
44:18 54:25
either/or 44:1,4
element 3:11 7:5
elements 7:2
employed 10:23
11:10,10
employee 60:11
60:13
end 2:21 5:8
52:18
Ended 28:10
enough 34:12
47:19
entered 3:20
entire 31:14
entirely 14:4

17:18 24:3
26:22
entities 7:18
12:14 13:6,25
27:3 34:19
36:3
entity 3:17,19
5:13 9:1 10:1,5
10:15,18,20
13:12,20 24:2
28:3 36:10
37:1
erred 55:19
error 56:1
Especially 27:1
ESQUIRE 2:4,8
2:14
essence 18:18
48:15,19 49:17
essential 13:1
establish 20:15
20:22
establishment
57:3
etc 9:25
even 33:19 49:15
51:17 55:21
event 29:8 45:6
eventually 10:23
ever 4:24 14:16
22:1 45:4,25
49:18 55:24
everything
37:14
evidence 7:6,7,8
7:12 11:24
12:19,20,22
17:22 23:9
33:25 37:3
41:9 48:11
52:18,21,22,25
53:15,24 54:24
55:6,7,7,15,19
55:23 56:2,4
evidentiary 6:8
12:18

exact 31:1
exactly 33:14
40:8 42:12
except 6:7
excuse 12:21
17:7 21:6
36:21 38:1
47:25 51:6
exemplary 15:25
34:25
Exhibit 11:21
exist 5:16
existed 7:9 10:6
expert 52:9
expert's 52:20
53:3,24
explained 8:6
explaining 32:25
33:4
expressed 18:1
extend 53:13
54:21
extended 52:1,3
52:6,8,11,13
52:14,24 53:9
53:10,17,20
54:13
eyewitnesses
53:2

——————
F
fact 3:21,25 4:1
4:5,7 5:16,24
6:8,25 8:25
10:12 11:1,11
12:3,12 13:5
14:3,13 17:4
17:22 18:5
19:17 20:20
21:1,2 23:15
26:2 27:18
28:1,22 29:16
31:13,17 33:24
35:6 39:19
44:15 45:7
46:3 48:3,12

48:13,18 49:12
50:5,11 51:24
52:2 53:4,16
54:10,17 55:22
56:5
factors 34:8
factual 31:1 43:2
53:19
failed 12:25
17:14
failing 14:8
Fair 47:19
fairly 46:10
familiar 40:6
far 14:17,22
22:22 24:13
40:14 41:22
44:11,14
fashion 13:8
February 8:1,12
Federal 10:19
feel 46:3
felt 27:18
file 4:8 8:14,23
10:11 12:10
13:17,23 17:5
20:10 25:16
40:20 57:12,20
58:5
filed 3:12 6:4,6
7:25 8:12,15
10:1,8 11:15
13:22 25:8,24
26:6,20 36:24
42:13 46:1
files 12:3
filing 9:21 10:17
51:3 57:22,25
filings 40:11
final 10:4 56:6,7
financially
60:14
finding 27:5
44:18
finds 45:13
fine 56:20 57:14

6:09-cv-01623-JMC     Date Filed 12/10/09     Entry Number 30-2     Page 21 of 29
6:09-cv-01623-HFF     Date Filed 12/10/09     Entry Number 30-2     Page 21 of 29

65

58:2,6
**finished** 28:14
**first** 3:23 8:19
  24:4 25:12
  30:24 42:7
  43:25
**Florida** 1:1,6,16
  1:18,23 2:6,15
  8:13 16:11,12
  17:24 33:5
  35:4 39:16
  60:3
**fly-lock** 54:18
**focus** 53:23
**follow** 5:17
  29:14
**followed** 26:6
**following** 23:4
  47:21
**follows** 40:23
**foot** 54:18
**foregoing** 60:7
**form** 45:22 56:8
  56:14
**formal** 22:21
**Fort** 2:6,15 32:9
**forth** 9:8 15:10
  23:13
**forthcoming**
  14:16,17
**forward** 18:6
  31:8,11 58:12
**found** 31:18,25
  32:2,14
**four** 8:14 20:21
  20:23
**frankly** 43:4
  45:19 51:10
**from** 3:25 9:3
  12:8,17 14:5
  16:13,20 19:12
  19:18 28:22
  32:12 33:2
  47:17,25 54:14
  54:22
**fully** 12:11 13:10

13:10
**function** 52:10
**furnished** 46:6
**further** 41:24
  60:11
**furthermore** 7:4
  26:8
_____
**G**
G 2:14
**game** 33:12
**gamesmanship**
  45:18
**garden** 23:25
**gave** 22:3 25:21
  26:1,3,9 56:24
**gentlemen** 56:23
  58:9
**GEORGE** 1:3
**gets** 29:19
**give** 26:5 50:23
  56:12,17 57:18
**given** 12:3 13:10
  13:13 42:23
  46:25 51:15
  60:8
**gives** 16:1 35:2
**giving** 9:7 15:9
**Global** 16:12
  35:4
**go** 19:23 24:11
  28:2 29:24
  41:24
**goes** 9:17 12:15
  32:21
**going** 11:2 17:22
  28:19 30:25
  33:20 37:15
  40:13 43:19
  44:24 46:2,7,8
  49:5 50:17
  51:1 57:14,21
**gone** 11:18 18:6
  28:10
**Good** 3:1
**grant** 24:7 26:16

43:7 44:1 55:1
**granted** 29:10
  29:22 30:1,2
  34:3 40:9,10
  42:13,22 43:5
**granting** 30:6
  42:4 44:6
**great** 47:14
**guess** 14:3 58:3
_____
**H**
**handed** 31:22
**happen** 44:23
  54:13
**happened** 30:25
  32:6 37:15
**hear** 41:17 42:8
  58:8
**heard** 26:11,21
  54:8,10
**hearing** 1:10
  57:5
**her** 29:3,7,9
**Herman** 2:14
  11:23 20:7,9
  21:14 26:15
  28:16,21 29:25
  30:23 35:25
  36:13,20 38:14
  38:15,19 39:23
  40:4,19,25
  41:25 42:1,1,2
  42:5,10,12,19
  43:9,13,17,19
  43:24 44:8
  45:18,24 47:5
  47:11 50:20,25
  51:9,12,15,20
  54:7 56:10,18
  56:21,25 57:1
  57:7,16,19
  58:8,24
**Herman's** 38:17
  49:12
**hey** 31:8,9
**HILLSBORO...**

60:4
**him** 56:12
**hint** 50:23
**history** 11:17
**holder** 55:15
**Honor** 3:4 7:15
  41:5,12 43:9
  51:20 57:12
**HONORABLE**
  1:12
**hope** 47:15
**hypothecated**
  52:6 53:3
_____
**I**
**idea** 14:10
**identical** 3:22
  7:19 30:24
**identify** 9:4,5
  15:7 34:18
  36:2
**identity** 5:12
  10:18,25 12:17
  13:5,15,19,24
**ignores** 54:8,17
**Illinois** 2:10
  30:13
**implication** 12:7
**importantly**
  55:12
**inappropriate**
  12:7 44:3
**Inc** 1:6 3:3,18,18
  3:21 5:19,25
  7:19 9:7,9,11
  10:2,23,24
  11:5,6,12
  14:24 15:10,11
  15:13,20 16:4
  16:5,6,9,9,10
  16:11,12,14,19
  16:24 17:3,6,8
  17:9,9,12
  18:25 19:2,16
  19:17 20:10
  21:8,18,25

22:12,13 24:5
  24:13,14 25:16
  27:8,9,24,25
  28:2,7 31:5
  32:7 35:3,3,4
  35:13,14,16,21
  35:23,24 36:11
  36:11,12,23,25
  37:9,14 38:16
  39:15 40:17
  44:13,14,15,16
  44:19,20,22,22
  44:25 45:1,5
  45:11 46:4
  48:2,24 49:21
  49:22 50:1
**inches** 52:1,1,4,6
  52:8,11 53:11
  53:13,18,21
**incidentally**
  17:21
**include** 48:21
**included** 16:8
**including** 9:16
  15:18 16:5,7
  16:23 17:2
  34:19 36:3
  49:20
**inconsistent**
  53:16
**indemnity** 16:20
  29:20 31:16
  47:24 48:4,19
  48:22,23 49:22
  49:23
**INDEX** 2:18
**indicated** 14:14
**indicates** 9:24
**individuals**
  10:21 11:8,17
**Industries** 3:18
  7:19 9:11,12
  9:13,16 10:2
  10:23 14:24
  15:13,14,15,18
  15:19,21,23

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

16:19,22,25
17:6,9,12 19:2
19:16,18 20:10
20:16 21:8,19
22:1,13,18
23:5 24:5,13
24:14 25:16
28:2 29:17
30:5 31:19
33:18 34:1,4
34:13 35:16,24
36:1,12,22,25
38:15 39:15
40:18 44:13,16
44:19,22,22
45:1,11 48:2
49:21,22
**inform** 44:9
**information**
    22:3
**initial** 51:3
**injuries** 27:15
**instance** 52:22
**instant** 34:23
    36:9
**instead** 32:8
**insurance** 28:4
    29:5 34:20
    36:4
**intends** 14:10,11
    14:11
**interest** 14:22
    17:1 27:8 28:8
    30:7 37:16
    38:24 45:15
    46:4
**interested** 60:15
**interesting** 12:2
    30:14 58:11
**interpret** 25:7
**interpretation**
    50:6
**interrogatories**
    8:18,19,21,24
    9:3 10:9,13
    11:16 20:12

25:15,17 26:12
29:5 33:23
37:6,11,22
38:12 43:4
44:12 45:2,12
45:14,17 47:22
47:25 48:3,5,9
48:10,17 49:13
**interrogatory**
    12:9 13:9,13
    15:4,6 17:21
    18:4,8,9 19:6,8
    19:9 20:21,21
    20:23 21:22
    23:7,25 32:23
    34:15,16 35:19
    35:20 50:1,6
**irrelevant** 53:7
**issue** 4:21,23,25
    5:16 7:8,11,22
    9:10 15:12
    20:8 21:25
    22:2 24:14
    26:22 27:5
    28:7 30:19
    34:6 37:7
    40:11 41:3,14
    41:16,23,23
    45:4 48:19
    51:5 53:7,7
**issues** 3:14,24
    27:12 28:12
    56:5
**i.e** 13:2

_____
         **J**
**JNOV** 3:7 4:4
    56:19
**Joe** 35:23,23
**John** 52:9,16
**joint** 41:15
**judge** 15:6 23:14
    23:24 28:16
    35:15 36:20,21
    38:1 39:25
    42:5 46:14

50:20,25 54:7
56:10,17 57:22
58:10
**judgement** 4:25
    6:4,7 24:19,20
    27:24 38:7
    39:1,9 40:14
    56:7,7,12
**judgment** 3:19
    3:20 5:6,21
    12:1 22:8,9
    27:21 28:9
    33:22 39:1,3
    55:2
**judicial** 1:1 9:19
    23:11
**July** 16:3
**juncture** 5:9
    11:25 12:21,25
    21:7
**jurisdiction** 57:3
**jury** 6:15,20
    21:23 31:18
    34:21 36:5
    54:8,19,23
    56:5
**just** 6:22 11:12
    19:24 20:18
    23:3 26:10
    27:4,5 28:6,11
    28:18 31:24
    40:16 41:7
    43:1,5 44:10
    44:24 47:7
    49:5 50:3,10
    51:18 56:18,24
**JUSTICE** 1:14
**justification**
    51:8
**justified** 27:7
    41:9
**justifies** 26:10

_____
         **K**
**Kaulas** 2:8 3:4,6
    3:11 4:15,18

4:23 5:1,3,9,22
6:13,17,19,24
7:17 8:4,8
11:20 12:2
14:24 15:2,5
16:18 17:4,17
18:21,24 19:2
19:7 20:4,18
21:6,15,20
22:5,15,19,22
23:6,8,12,22
24:10,16,22
25:1,7,12,14
25:20 28:15
29:15,19 30:12
30:15 31:19
34:17 35:5,12
35:15,18,22
36:7,10,16,24
37:18,20,23
38:1 39:10,15
39:24 40:5
41:4,12,19,24
43:16,25 45:9
46:12,14 47:1
47:9,19 49:3,7
50:5,18,22
51:6,22 54:8
54:16 55:5
57:12 58:10
**Keller** 1:6 3:3,17
    3:18,20 5:18
    5:21,23,25
    7:19 9:11,11
    9:13,15,16
    10:1,23,24
    11:5 14:24
    15:13,13,15,18
    15:18,19,21,23
    16:4,5,6,8,9,14
    16:19,22,24,25
    17:3,6,7,8,9,11
    18:25 19:2,15
    19:16,17,18
    20:10,16 21:7
    21:12,18,18,25

22:1,12,12,13
22:17,18 23:4
24:5 25:16
27:7,9,24,25
28:2,7 29:17
30:5,7 31:19
33:18 34:1,3
34:13 35:13,15
35:24,25 36:11
36:12,18,22,25
37:9,13 38:15
39:15 40:17,18
44:13,13,15,16
44:19,20,22,25
45:1,5,10 46:3
48:2,24 49:21
49:22,25
**kind** 31:13 45:19
**KLEIN** 1:22
**KLI** 3:21 4:10
    4:13 5:25 7:13
    7:18 9:7,9 11:5
    11:12 12:23
    13:20 15:10,11
    16:9,10,11,12
    16:20 18:2,3
    18:13 23:16
    29:4,6 30:3
    31:18,19,21
    33:18,20 35:3
    35:3,4,7,14,21
    35:22 36:11
    45:13
**knew** 37:14
**know** 3:7 5:5
    8:21 23:2
    28:19 30:12
    50:9 51:10
**knowing** 46:23
**knowledge** 27:2
**known** 47:17
**knows** 28:5
**KU** 48:21
**KUA** 9:15 11:5
    15:17,20,22
    16:3

### L

lack 47:4,16
54:11
ladder 4:10 5:20
6:16 7:24 8:2,7
8:10,22 9:1,7
9:10,13,15
10:6,12 12:12
12:24 14:25
15:9,12,15,17
15:21,23 16:16
18:2 19:19,21
19:24 22:12
27:11,13 28:25
29:18 30:6
31:18 36:1,19
36:22 37:2,9
37:13,14,15,25
39:7 41:10
45:8 46:3
51:25 52:2,6,8
52:10,13,14,24
53:1,2,5,9,10
53:12,13,14,15
53:17,20,21
54:10,11,14,17
54:20,21 55:8
55:9,11
Ladders 1:6 3:3
3:18,20 5:18
5:21,23,25 9:2
10:24 11:5
16:4,5,9,14,24
17:3,7,9 18:25
19:16,17 21:12
21:18,25 22:13
22:17 27:8,9
27:24,25 28:7
30:7 35:13
36:11,18 40:17
44:13,15,20,25
45:5 48:24
50:1
laid 17:5
language 42:11

50:3,12
lap 33:20
LaSalle 2:9
last 25:6 50:20
latch 54:20 55:5
55:6,7,13 56:2
later 16:24
Lauderdale 2:6
2:15
law 26:25 30:13
30:15,15,16
38:25 51:11,12
51:12 52:19
lawsuit 10:7,8
11:15 14:12
20:10 22:23
26:23 33:10
36:23
lawyer 28:4
lawyers 33:17
lay 33:20
least 20:25 23:1
26:11 27:20
31:21 49:10
leave 25:21 26:1
26:3,5,9,16
42:14,19
led 23:24
legal 51:8,18
legally 3:22
27:19
legitimate 20:5
let 6:11 31:24
34:14 44:10
50:23 57:14
letters 29:6
let's 41:13,17
liabilities 15:23
16:7,15,23
17:2,7,8 19:13
19:18,22 21:18
22:1 23:4
27:10 34:24
44:16,21 45:1
50:19
liability 4:11,12

15:24 17:14,25
18:1 29:19
31:17 38:2,4,8
38:13 41:2
43:12 47:23
48:4,24 49:2
49:17 50:13
51:23,25 53:7
53:8,10,18,22
54:1,4
liable 4:11 27:19
27:19
liberality 32:25
33:5
liberally 32:20
license 55:14,16
licensed 55:16
licensing 55:17
light 32:22
like 18:17 30:18
32:11 42:16
45:20 54:14
58:17,22
likewise 14:16
Lillian 29:2
limitations
39:17,21 40:2
list 11:21 29:2,8
57:13
listing 11:4
litigants 33:6
little 50:23
LLC 2:9
LOCATION
1:14
lock 54:18,21
logical 5:7
long 11:18
longer 7:9 11:10
11:10 17:1
33:8,12
look 58:12
looked 34:8
looking 50:4
looks 45:21
loss 24:22

lost 27:23
loud 19:24
Louisville 54:20
55:15
Lumber 34:6

### M

Macia 29:2
made 22:7 26:15
29:11 31:11
46:10 53:22
56:14
make 5:10 11:13
23:1 27:20
39:19
makes 12:4
making 21:4
23:20 27:5
47:17 49:17
malfunction
52:3
maneuver 33:13
manufacturally
41:10
manufacture
7:23 12:23
16:15
manufactured
4:10,16,17 8:3
8:7,10 9:11
10:5 13:3
15:13 18:2
27:14 30:5
37:25 39:8
55:8,9,11
manufacturer
4:19 5:12,20
6:1,16 7:1,14
8:16,22,23 9:1
9:6,8 10:11,14
12:11,12 13:11
14:25 15:8,11
20:1,2 21:11
21:12 27:10
28:25 29:18
35:15 36:1,18

36:22 37:2
45:7
manufacturer's
12:17
manufacturing
28:25
MARCH 1:13
Marina 32:6,7,8
material 37:6
39:6
matter 11:11
14:13 21:23
26:21 28:11
29:16 31:17
33:18,24
maxim 51:18
may 3:4,5 6:10
7:15,16 8:19
16:10 19:10,23
28:1,21 30:13
30:22 36:21
38:12 40:5
45:22 50:22
51:23 53:17
Maybe 24:23
28:4
McCORMACK
1:3,3 3:2 54:22
McVEY 2:9
mean 4:21 5:17
22:12,21 41:22
48:23 50:3
51:18
meaning 18:7,8
meaningless
12:18
Melito 2:4
mention 43:20
mere 28:1
merely 33:7
44:19
merits 37:12
method 33:7
mind 31:20
mini 58:17,19
minimum 52:1

**Klein, Bury, Reif, Applebaum & Associates**
**A U.S. Legal Support Company**

ministerial
    22:11
minute 8:2
misled 12:5 13:8
    25:14
misnomer 14:4
mistake 39:5
misunderstood
    24:23
moot 24:9,15,17
    41:16,23
morning 3:1
    27:17
Morris 52:9,9,16
    55:1
most 55:12
motion 3:7,16
    4:4 6:4,6 8:6
    10:4 12:3 14:6
    14:19,20 21:4
    21:9 22:7
    23:21 24:7,8
    24:24 25:2,5,8
    26:20 27:21,23
    28:9 29:22
    30:1,2,10,14
    30:20 32:24,24
    34:3,12 40:13
    42:13,19,19,22
    43:5,7,11,21
    44:1,1,6 46:15
    47:12,16 52:17
    52:17 56:6,19
    58:4
motions 3:10
move 4:24 5:6
    5:20 52:15
moved 29:21
much 32:3
must 17:11,25
    19:3 20:25
    38:5,6 49:9
    52:11

_____ N _____
name 9:16 15:20

16:4,9,11
21:10 25:4
29:3 34:19
35:10,11,14,14
36:3
named 31:4 32:7
naming 24:14
    34:7
nature 15:25
    16:2 34:25
    35:2
need 29:9 42:8
    50:13 51:1
    58:14
needs 40:16
negligently 4:17
neither 11:11
    29:10
never 3:24,25
    4:3,21,22 7:20
    10:11,25 13:6
    13:7,22 17:21
    18:13,15,15
    21:22,22,24
    22:5 23:8,18
    23:18 25:23,24
    26:5,6,7 33:15
    36:23,24,24
    46:15,17,20
    48:5,11 49:3
    52:13,14,24
new 17:17
next 7:17 32:5
    48:10 51:5,21
    51:22
None 21:23
North 1:15 2:9
NOTARY 1:17
nothing 7:3 12:6
    18:12 26:13
    28:12 55:20
notice 9:19
    23:11 57:25
notwithstandi...
    28:22 40:14
NOV 3:16 14:6

17:19 20:9
25:2,9 55:2
November 10:4
number 30:18
    47:22 55:9
numerous 11:8

_____ O _____
object 11:23
    46:18,24 47:20
    51:6 56:13
objecting 23:14
objection 11:22
    57:16,17
objective 33:6
observation
    28:11
obvious 12:8
    13:23
obviously 8:25
    43:17 55:5
occur 22:10
occurred 10:8
    11:15
October 7:25
    8:16 16:4,10
off 24:4
offer 11:19
offered 7:8
    12:19,20 17:21
    21:23 23:8
    48:11
offers 7:7
office 57:23
officer 11:11
officers 11:5,9
    11:21
Oh 38:7 50:8,8,8
okay 8:11 25:7
    25:11,19 27:4
    29:7,12 30:23
    40:25 41:1,13
    41:22 42:5
    43:11,25 44:10
    46:12,13 51:5
    51:21 55:4

56:6,20,21,23
57:7,19 58:7
once 46:15
one 7:1,7 9:21
    14:13 15:1
    21:12,16 22:13
    23:1 24:1
    25:13,14,18
    27:11 30:24
    32:11 36:15
    37:9 41:1,7,8
    41:14 42:7
    44:5,14 49:9
    50:20 53:12
    55:13
ones 22:2
one's 22:3
only 7:4 9:21
    16:11 19:2
    29:25 35:14
    36:10,20 37:3
    40:15 51:1
    52:5,20,23
    54:12,16 55:6
onset 12:20
opinion 53:25
opportunity
    56:13
opposing 33:8
orally 3:14
order 16:20
    19:14 28:20
    38:1,3 40:21
    40:22 44:17
    49:9 50:14
    51:2,18 52:10
    53:12 54:3
    55:12 56:18
    57:1,2 58:4
original 19:23
    20:1,2 21:11
    21:12 27:17
    32:18 51:19
    58:5
other 4:4 8:15
    9:20 12:6

13:19 20:6
34:5,24 37:7
38:11 41:8,14
others 53:6
out 5:21 9:22
    11:8,16 15:25
    16:15 17:5
    19:24 20:11
    27:24 28:10
    33:3,7 35:1
outlined 32:23
    34:11
over 10:10 45:21
    57:16,17
own 30:2

_____ P _____
Page 2:19 9:4
Palm 31:3,25
    32:1,1,13 42:7
Panning 34:6
paragraph
    26:14
parcel 53:23
PARSKY 2:9
part 15:19 16:7
    22:21 36:14
    41:17 43:11
    44:18 53:23
particular 5:9
    7:5,21 9:18
    10:3,10 18:8
    25:9 32:12
    42:6 52:5,21
    55:10
particularly
    32:22
parties 3:22 6:20
    6:20 10:25
    17:11 18:10
    33:8 60:12,13
party 14:22 17:1
    17:17 24:15,20
    26:23 27:8
    28:8 29:7 30:4
    30:7,9 31:15

34:4,9 37:10
37:16 38:24,24
42:14,20,21
44:7 45:11,15
46:4 48:18
49:20
patent 55:10,14
55:16,25
path 23:25
Paul 2:8 11:20
pay 33:22
payment 34:21
36:5
penal 16:2 35:2
Period 28:10
person 37:8 52:5
52:7
peruse 11:7
PETER 2:14
petition 9:25
phrased 44:17
physics 52:2
54:2
pierce 13:19
22:23,25 32:9
Pinellas 1:14 3:1
57:9
place 54:21
placed 7:12
plain 50:3,12
plaintiff 2:13
3:17 5:10,10
5:24 6:25 7:2
7:17,25 10:10
10:16 12:20,25
13:4,14 14:2
14:15,19 17:14
18:1,13,17
19:12 20:25
27:7 32:7
34:22 35:6
36:8,25 38:3
41:10 45:2,10
47:25 48:8
52:12,23 53:6
53:16,20

plaintiffs 1:4
8:14 9:2
plaintiff's 3:13
3:15 5:14,22
8:25 12:9 14:1
27:15 34:15
52:8 53:14
plead 20:25
23:18 38:6
49:9,10
pleaded 3:24 4:6
7:21 10:25
13:2,6 18:13
18:15 20:22
23:18 39:24
49:15,15 50:7
pleading 4:9
5:15 10:17
13:17,22,23
14:13 17:5,23
18:5,12,16
20:6,18,19,20
21:3 30:1
32:18 33:7
36:24 38:5
39:25 40:1,20
44:2 46:16,17
46:19 47:4,6,9
48:6,6 49:10
51:7
pleadings 4:8
5:4,11 9:19
22:6,9 37:11
38:25 39:2,2,8
please 9:4,5 15:7
34:15,18 36:2
51:14,21
pled 18:19
point 7:11 9:18
10:17 12:2
23:15 27:23
29:18,21 30:20
31:10 32:3
54:13
pointed 11:16
20:11

poised 19:8
portion 13:1
43:21
position 3:17
5:13,23,25 6:2
7:10,17 10:16
13:4,6 14:1,4,5
17:18,19 18:17
21:1,2,3 25:18
26:9,25 44:2
46:24 47:15,15
47:17,23 49:12
49:16,19 50:7
54:12 55:18
positions 23:23
possible 44:11
possibly 44:3
52:3 54:2
precedent 19:25
precisely 6:5
41:25
preciseness
50:21
predecessor
16:16 19:14
prefatory 7:20
prejudice 33:17
40:12
prepare 37:21
present 6:14
56:8
presented 4:1,3
president 10:22
11:18
pretrial 41:16
pretty 32:3
57:10
prevail 34:22
36:8
prevented 47:17
prize 33:13
problem 27:25
28:3,5,24
46:22
procedure 30:10
procedures 9:20

proceed 3:4
proceeding 10:3
proceedings
2:20,21 50:21
58:25
product 7:14
13:3 15:22
products 4:11
4:12 9:14
15:16
prohibited
19:12
proof 18:6
proper 5:19 30:3
30:7 37:10
proposed 14:9
proposition
27:17
prove 7:2,3,4
13:1,18 17:25
35:9,22,23
proved 7:3 35:7
proven 7:9
provide 11:2
33:7
proximate 27:15
PUBLIC 1:17
punitive 15:25
34:25
purchase 15:21
16:8 17:10
19:18,22 23:17
purchased 9:15
15:17 19:21
purchaser 19:13
purpose 39:4
40:4 57:8
purposes 29:5
pursuant 51:4
put 23:13 24:8
29:17 33:24
51:17
putting 28:25
30:4
P.A 2:14

Q

quandary 20:4,6
question 6:12
9:3 19:7,8
31:13 41:2,8
43:15 56:8
questioning
50:10
quick 54:20 55:5
55:6,7,13 56:2
quick-latch
54:18
quite 4:8 24:16
43:4 45:19
51:10 56:15
quote 9:4 33:9

R

raised 24:9
39:22 40:2
48:16
raises 26:22
rather 56:10
read 3:9 6:19 9:2
15:5 21:22
23:22 26:2
32:12 37:5
40:22,24 50:11
50:13,13,16
reading 8:5
58:12
real 14:21 17:1
27:8 28:8
37:16 38:24
45:15 46:4
49:2
realize 16:18
really 20:8 25:15
27:11 28:12
39:19 40:16
42:22
reason 4:20
11:24 13:23
24:5 46:14
reasonable 20:5
reasons 46:25

47:21
reasserted 52:17
rebuttal 29:9
recall 51:23
received 57:15
recite 25:20
reconstruction 53:4
record 8:10 11:3 11:19 26:2,10 26:16 29:12,13 31:24 41:14,20 42:24 45:21 46:21 54:25 60:8
recorded 11:3
refer 31:21 34:14
reference 3:23 14:19 47:19 55:17
referred 40:6
reflect 29:23 44:18
reflecting 30:3
regard 20:5 28:24 29:15 42:24 43:21 45:19
regarding 58:3
regardless 53:19
relate 40:10 51:7
related 32:17 34:10
relates 51:2,19
Relation 32:16 40:5,7 51:16
relationship 9:6 10:14 15:8 18:11,11
relative 60:11,13
Relic 15:20
rely 39:17
relying 27:7
remarks 7:20
remember 6:18

29:3 54:9
replies 3:10
reply 3:12
report 60:7
Reporter 1:17 2:22 58:13,14 58:17,20,22 60:1,20
representation 26:14 28:22
representations 29:11
representative 29:4
representing 29:6
requested 29:9
required 51:24 51:25 52:2
requires 17:24 42:22
reserve 12:1 14:18
respect 43:13
respond 17:10 44:3,5 46:19
responded 18:15 47:10
responding 18:12 22:24 23:13
responds 13:7
respons 39:11
response 3:8,12 3:13,15 4:4 6:3 13:9,12 14:5 15:3,12 17:19 18:20,21 23:3 23:13 25:1,2,3 25:5,8,15 27:6 27:9 28:16 32:24 34:11,24 35:7,8 38:17 43:16 54:8
responses 14:18 23:1 32:23

responsibilities 44:21
responsibility 13:17 31:9 33:20 48:25 50:2
responsible 12:23 16:14 17:6,8,20 18:4 18:14 19:1 29:7 31:15 34:18,21 35:6 35:21 36:2,5 45:6,13 48:8
rest 31:7
resubmit 56:11 56:12
result 3:19 4:11 11:14 46:16 47:24
retains 57:2
reverse 46:2,8
re-argue 51:1
rhetorically 20:19
RICHARD 2:4
right 5:3,5,8,23 6:22 24:19,25 30:19 31:19 37:8 39:12,16 39:18 42:12 47:11 55:21
rise 9:7 15:9 16:1 35:2
Robert 1:12 57:22
roof 54:15
rule 32:17,19
ruled 49:24
rules 8:13 14:8 32:25 33:5
ruling 44:24 45:12 46:10 47:20,21 48:19 49:22

S

Sachs 2:4 56:17 56:24 57:25 58:3,7,15,16 58:19,21
sake 26:4,17
same 3:19 5:10 5:13 6:1 21:13 21:16 22:14 33:16 34:6 35:17 44:14 48:14 52:17 58:3
Savage 32:13
saw 26:13 54:9 54:11
saying 5:18 6:2 6:5 14:3 16:25 18:18 21:7,16 22:25 23:3,24 24:4,4 28:4 30:5,6 39:19 47:7 48:16 50:2
says 8:6 14:6 18:24 21:15 27:9 30:13,16 31:8 32:24 33:4 35:21 38:25 51:11
scares 45:19
scenario 31:1 43:2
Scott 2:14
second 8:24 9:3 10:9 23:12 24:8,14,15 41:1,2 43:11
security 31:3,5,5 31:6
see 11:8,23 19:5 26:12 27:11 30:8 31:7 41:13 50:9 56:22 57:2

seeing 49:18
seem 6:23 28:6 45:4 46:22 47:2
seemed 4:21 21:24
seems 5:18 22:12 27:6
seen 3:8 46:20 49:4 55:24 56:7
send 57:23 58:20 58:21
Senior 57:22
sent 12:9
separate 13:24 27:2
served 8:18
set 8:19,24 9:3 10:9 57:5
setting 9:8 15:10 33:7
settled 32:19
settlement 34:22 36:6
several 30:23
Sexton 34:5
show 18:7 34:12 56:18
showed 54:19
showing 11:21
shows 10:2
sign 56:8,23
similar 31:20
simple 56:19
simply 13:7 38:6 46:8 53:20
simultaneously 23:24
since 11:6 16:7 44:4 45:25 50:20 54:2
sincere 33:11
sir 47:13 54:6 58:23
situation 53:19

Klein, Bury, Reif, Applebaum & Associates
A U.S. Legal Support Company

six 52:1,1,4,6,8
  52:11 53:10
Sixth 2:15
Smith 35:23
snapshot 18:9
sold 16:5,22
  17:2 20:3
some 4:5 13:8
  14:12 17:23
  18:14 19:20
  20:2 37:24
  51:12 54:13
  55:13,14 57:10
somebody 20:3
somehow 7:18
  10:18,24 12:4
  12:5 13:7,14
  14:3 24:6
someone 12:5
something 20:25
  31:12 50:17
somewhat 54:12
sorry 8:4,8
  11:13 24:10
  29:24 33:1
  35:12 41:4
  43:14 47:11
sort 14:13 26:16
Southern 58:12
So.2d 32:2,14
specific 11:17
specification 9:5
specificity 15:7
speculation
  38:12
spirit 32:25 33:4
spoken 54:23
stage 14:14
stand 5:4
standing 38:23
standpoint
  12:18 43:10
state 1:18 8:13
  16:12 17:24
  19:14 35:3
  39:16 42:3

43:11 45:20
  46:21 60:3
stated 8:20
  10:13 25:6
  29:15 42:2
statement 12:4,6
  19:12 47:13
  50:10
states 9:22 37:9
stating 44:19
statute 39:17,21
  40:2
statutory 16:1
  35:1
stenographica...
  60:7
step 20:15
still 14:10 16:14
  17:24 26:18
  57:16
stipulated 7:5
  35:25 37:1,2
stipulation 6:19
  6:20 7:6,7,8,12
  7:13 12:15,17
  12:19 28:24
  29:13,16,17,22
  29:23 30:3,4
  33:25,25 41:16
stop 48:15
straightforward
  4:9,12
Strategically 5:7
stream 29:1
Street 1:15,22
  2:9,15
stricken 53:25
strictly 22:11
strike 52:15
  54:25
student 31:2
stuff 23:11 25:25
style 40:17
subject 9:6 15:9
  22:10 55:9
subsequent

11:12,13
substance 22:21
  45:23 46:6,9
  49:11
substitute 42:14
  42:20 44:7
substituted 44:8
substituting
  44:9
substitution
  48:17
success 42:17
successor 31:21
  31:22 34:8,10
  38:2 40:18
  42:24 43:7
  44:20,25 47:23
  48:4
sue 14:11 16:19
  16:19 17:11
  19:15 20:1,16
  21:7 24:2,5,15
  24:21 33:19
  38:2,4,15,16
  38:17,18,20
  40:3
sued 5:13 6:25
  9:2 10:15,20
  12:13 13:3,12
  19:3,3 22:17
  31:8 36:11
  37:1,8 38:3
sufficient 56:4
suggest 10:21
  55:20
suggested 52:7
suggesting 49:25
suing 19:13 48:1
  49:20
suit 8:1,11,15,15
  10:11 12:10
  25:16
Suite 1:23 2:5,10
summary 4:24
  5:6,21 6:4,7
  27:21,23 28:9

support 6:9
  51:13 54:3
supports 26:25
  30:16
Supreme 33:5
sure 6:13 11:13
  16:21 19:11
  24:16 28:20
  42:6 44:7
S.E 2:6,15

T

T 1:17 60:6,19
take 9:18 23:10
  26:8,24 30:11
  49:16,18 56:16
taken 5:15 17:18
takes 3:17 5:14
  5:24 7:18
  10:16 13:4
  14:5 17:18
  18:17
taking 23:23,23
talk 31:23 40:7
  51:16
talking 32:15,17
talks 29:14
  32:18
TAMPA 1:23
Taylor 32:5,7,8
technicalities
  33:10
technique 33:13
telephone 57:6
telescope 53:9
  53:12 54:10
telescoped 53:1
  53:2,6,11,15
  53:15,21 54:12
telescopes 54:14
tell 36:13
telling 50:15,15
terms 28:24
  33:21 50:21
testified 52:12
  53:5

testimony 4:22
  52:15,15,20
  53:25 60:8
Thank 43:9,24
  51:20 54:5,6
  55:3 56:3 58:9
  58:10
their 6:1,3 22:6
  24:7,19 25:17
  25:22,23,25
  26:18,21 30:14
  32:24 33:22
  34:11,19 48:25
themselves 46:7
theory 3:23,24
  3:25 4:2,5 6:9
  14:12 17:25
  18:1,3,3 38:2,4
  38:7 51:23,24
  53:9,14 54:1,3
thereof 49:11
thing 5:8,8 6:1
  22:11 25:12
  40:16 41:7
  43:25 50:20
  51:1 55:22
  58:3
things 25:9
  49:20
think 12:7 19:15
  19:25 20:15,16
  24:6 26:15
  28:19 32:21
  34:2,2,7 40:15
  43:5 50:18
  54:24
thinking 19:24
  43:3 50:3
third-party
  17:12 19:4
Thomas 32:5
thorough 28:20
thought 21:9
  27:16 41:6
  43:18
thoughts 42:23

three 53:5
three-fold 41:6
through 26:6
throughout
  25:20
thrust 3:15 6:23
  6:24
time 3:11 6:14
  7:11 8:20
  10:10 11:14,15
  11:16 15:20
  20:2 21:8
  29:18,21 40:3
  40:10 51:3,7,9
  55:18
times 29:20
today 28:13
  30:16 45:25
  46:25
told 22:5
total 27:1
trade 9:16 33:10
trademark
  15:18
tradename 16:6
  16:8
trail 23:4
transaction
  15:19
transcribed
  58:15
transcript 60:8
trial 12:15,16
  14:14 21:10,21
  21:21 22:22
  24:8,12 28:23
  29:8 33:10
  34:2 41:16
tricks 33:9,9
tried 27:13,16
  33:15
trier 4:1,7 48:12
  48:13
Tripp 2:14
true 17:4 37:17
  60:8

trumped 7:13
truth 33:11
trying 27:16
  33:15,17
two 7:18 10:21
  12:10,13 13:15
  20:12 23:23
  25:9 27:2
  29:20 41:12,13
  53:1,6 54:9
two-and-a-half
  53:13
two-and-a-qu...
  53:17,21
two-fold 24:24
two-part 25:5,5
type 22:11 39:5

U

ultimately 33:22
unadulterated
  27:2
uncontradicted
  52:21,22
under 8:13 9:25
  13:16 26:24
  47:3 49:14,23
  55:25
understand 43:3
  45:24 46:10
  49:24 50:14,18
  50:25 52:19
understanding
  29:25 46:23
  47:3
understood
  47:15 51:18
unequivocal
  13:10
unequivocally
  52:12,13
unfortunately
  9:20
United 9:22
unless 41:17
  52:3 57:8

unlikely 53:3
until 7:6 10:3
  12:18 55:8
use 55:21
utilize 55:12
U.S 9:22,22

V

valid 19:14
validity 4:2,5
various 49:19
veil 13:20 22:24
  22:25
verdict 3:7,16
  14:6 17:19
  20:8 22:8 25:2
  25:8 34:21
  36:5 40:14
  41:9 45:6
very 5:13 6:1
  28:12 31:20,20
  56:19 57:10
vicarious 48:23
  49:1
vice-versa 22:10
view 50:10
violated 14:8
virtue 3:11 14:8
  17:20 18:14
  20:16 27:6
  44:15 45:1,6
  45:13,16 46:4
  48:8,23,25
voluntary 9:25
vs 1:5 3:2 31:25
  32:1,5,13 33:3
  34:6

W

wait 8:2 23:12
  56:9,10
want 7:21 21:7
  24:1,2,20 38:7
  40:19 42:3,6
  42:10 43:1
  44:23 56:17,18

57:9
wants 14:2,7
  17:16,17
wasn't 4:23 8:3
  19:7 21:3 41:2
  51:9
way 5:15 7:23
  19:20 30:8,12
  38:7 54:12
ways 36:14
Welcome 3:1
well 4:23 6:24
  19:11 20:18
  21:9,15,20
  23:22 24:18
  27:4 32:19
  34:14 35:17
  36:16 38:19
  40:21 41:13,19
  41:24 46:21
  47:5,17 49:7
  56:3 57:20
were 6:15 7:1,9
  8:18,19 10:9
  10:22 11:10
  12:13 16:24
  23:24 25:14
  27:2 29:10
  35:5 37:15,24
  41:12 43:20
  47:2 48:5,10
  51:3 53:1,5
  54:9 58:25
weren't 31:14
Werner 16:6
Werner's 16:7
WEST 1:22
we're 3:2 31:8
  32:4
We've 57:10
whatsoever
  10:17 12:22
  44:2 48:20
  55:15
whole 5:8 39:4
  40:4

wife 1:3
Williams 31:25
  32:1
wish 57:12
witness 29:2,7
  52:23 55:1,24
  60:9
witnesses 53:5
  54:9
won 28:1
word 54:11
words 8:15
  13:19 20:6
world 57:11
wouldn't 5:7
  22:16
write 57:21
written 3:8,12
  3:12 47:4,5,9
  47:16

Y

Yeah 6:11 11:23
  42:13 56:24
year 10:10
years 8:14 12:10
  20:12

0

02 8:12,20
02-004211 1:5
03 1:5

1

1 15:4 37:6
  44:12 45:2
  47:22 55:9
1.190(c) 32:17
10:27 1:13 59:1
100% 38:22
11 1:15 9:25
110 2:15
1332 32:14
14250 1:15
17 16:3
17TH 1:1

**19** 10:4
**1994** 8:7
**1996** 7:24 9:12
   9:14,24 11:6
   11:12 15:14,16
   16:3
**1997** 11:13
**1999** 16:4,10

### 2
**2** 7:25 9:4,24
   34:15,16 37:6
   44:13 45:3
**2000** 7:25 8:11
   16:10
**2003** 10:4
**2004** 8:17
**2006** 1:13 60:16
**203** 2:5
**2100** 2:10
**26** 8:1,12
**27** 1:13
**29** 16:4,10

### 3
**3** 2:20 8:16
   16:10
**3rd** 2:6
**3/27/06** 57:22
**30** 2:9
**30th** 8:19
**312** 2:11
**33301** 2:15
**33316** 2:6
**33607** 1:23

### 4
**4350** 1:22
**49TH** 1:15

### 5
**551-2130** 2:11
**59** 2:21

### 6
**60** 2:22
**60602** 2:10

**627** 32:14

### 7
**701** 1:23
**728-1280** 2:7

### 8
**8** 32:1
**862** 32:2

### 9
**9:05** 1:13
**900** 2:5,6
**917** 32:2
**94** 8:3,11
**954** 2:7
**96** 8:4,4,9