**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **Walter Krantz**, ) | Civil Action No.: 6:09-01623-HFF |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION FOR DEFAULT |
| **KLI, Inc., f/k/a Keller Ladders, Inc.** ) | JUDGMENT AGAINST KELLER |
| **f/k/a KUA Corp., f/k/a Keller** ) | INDUSTRIES, INC.  |
| **Industries, Inc.; and Keller** ) | |
| **Industries, Inc.,** ) | |
| ) | |
| Defendant. ) | |

This matter comes before me on Plaintiff's Motion for Default Judgment against Keller Industries, Inc. pursuant to Federal Rule of Civil Procedure 55. By way of background, the Plaintiff originally filed his lawsuit against a single defendant, KLI, Inc. The suit alleged injury resulting from a defectively designed ladder. The ladder was designed and manufactured by Keller Industries, Inc. Based on the Answer filed by KLI, Inc. to the original complaint, Plaintiff filed an Amended Complaint naming both KLI, Inc and Keller Industries, Inc.

As of September 2009, the Florida Secretary of State's web page listed Keller Industries, Inc. as an "inactive" corporation with C.T. Corporation System as the registered agent. Under Florida law a corporation, domestic or foreign, may be served through the agent designated by that corporation for accepting service of process pursuant to Florida Statute 48.081(3)(a); 48.091. Further, Federal Rule of Civil Procedure 4(h) provides that a corporation may be served by any agent authorized by appointment or by law to receive service of process.

Contrary to KLI's response to the Plaintiff's motion, Keller Industries, Inc., never filed the appropriate paperwork to remove as its registered agent C.T. Corporation. On October 19,

2009, Plaintiff served Keller Industries, Inc. through its listed registered agent, C.T. Corporation at 1200 South Pine Island Road, Plantation, Florida 33324 via certified mail. To date, no answer has been filed by Keller Industries, Inc.

KLI, Inc., who is not in default, filed a response to Plaintiff's Motion for Default Judgment against Keller Ladders, Inc. In that response, Defendant KLI argues that Keller Industries, Inc. went bankrupt in 1996 and as a result of that bankruptcy became an insolvent and defunct corporation. KLI provides no information or documentation as to type of bankruptcy, state of bankruptcy or any other details of Keller Ladders, Inc's bankruptcy. Further, under Florida law, dissolution of a corporation does not terminate the authority of the registered agent. Fla. Statute 607.1405.

I THEREFORE FIND AND CONCLUDE:

1. That Defendant Keller Industries, Inc. failed to answer the Amended Complaint that was properly served on October 19, 2009.
2. The Plaintiff is entitled to a default judgment against Keller Industries, Inc.
3. That a damages hearing will be scheduled upon request by Plaintiff's counsel.

The Honorable Henry F. Floyd
United States District Judge