IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Walter Krantz, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-cv-01623-JMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a | ) | |
| KUA Corp., f/k/a Keller Industries, Inc. | ) | |
| and Keller Industries, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Keller Industries Inc.'s ("Keller Industries")
Amended Motion to Set Aside Default [Doc. 59]. Keller Industries asserts that good cause exists
for lifting the entry of default against it and further asserts that it did not file an Answer to this action
previously based upon its good faith belief that it had not been properly served and, consequently,
was not yet required to do so. For the reasons set forth below, the court grants Keller Industries'
Motion.

FACTUAL AND PROCEDURAL HISTORY

This lawsuit arises out of injuries sustained by the Plaintiff Walter Krantz ("Krantz"), on
January 4, 2007, when he fell from the roof of a residence while using a ladder manufactured by
Keller Industries. To recover for the injuries he sustained as a result of the fall, Krantz filed this
action on June 18, 2009, against "KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a
KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation." Counsel answered the Complaint
on behalf of KLI, Inc. ("KLI") and denied that KLI had assumed any liability for the actions of Keller

1

Industries.  Krantz then amended the Complaint to assert the action against KLI and Keller Industries as separate entities.  After confirming that KLI's counsel did not represent Keller Industries, Krantz attempted to serve Keller Industries by sending a Summons and Amended Complaint, via certified mail, addressed to "C.T. Corporation Systems, 1200 South Pine Island Rd., Plantation, FL 33324" and to "The Prentice Hall Corporation Systems, 2730 Gateway Oaks Dr., Suite 100, Sacramento [sic], CA 95833."

Shortly after Krantz attempted service, C.T. Corporation returned the Summons and Complaint to Krantz's counsel under the contention that it no longer represented Keller Industries in the capacity of registered agent for service.  However, at the time of service, Keller Industries remained listed with the Florida Secretary of State's office under an inactive status and C.T. Corporation remained listed as Keller Industries's registered agent.  C.T. Corporation did not resign as registered agent for Keller Industries until after it accepted service of the Amended Complaint and filed documents with the Florida Secretary of State's office indicating its resignation as registered agent for Keller Industries in July 2010.  The Prentice Hall Corporation Systems accepted service and did not return or correspond with Krantz's counsel indicating otherwise.

Counsel for KLI accepted service and answered on behalf of KLI, but did not accept service on behalf of or answer for Keller Industries.  In the Answer to the Amended Complaint, KLI admitted that "KUA Corp. purchased certain assets and assumed certain liabilities of the ladder division of Keller Industries, Inc." when Keller Industries went bankrupt in 1996 and further expressly denied that KLI assumed liabilities for all ladders designed, manufactured or sold by Keller Industries.  Keller Industries did not answer the Amended Complaint, and Krantz filed a Motion for Default [Doc. 23] on November 10, 2009.  Counsel for KLI, without asserting any representation

2

on behalf of Keller Industries, opposed the Motion for Default asserting that Keller Industries no longer existed as a company due to certain bankruptcy filings. The clerk entered default on May 5, 2010.

On June 30, 2010, counsel for KLI filed a Motion to Quash Service [Doc. 49] requesting that the court find that Keller Industries had not been properly served, that the entry of default be set aside, and that Keller Industries be dismissed from the action. In the motion, KLI argued that CT Corporation was not Keller Industries, Inc.'s registered agent at the time of Krantz's attempted service and that Krantz's counsel's representation that service was effected on "Keller Industries, Inc." was false. KLI did not argue that Krantz's attempted service on The Prentice Hall Corporation Systems as registered agent for Keller Industries in California was ineffective. In a text order dated August 30, 2010, [Doc. 56] the court denied KLI's Motion to Quash Service.

The same counsel that had previously appeared only on behalf of KLI filed a Motion to Set Aside Default [Doc. 59] on September 3, 2010. Counsel amended that filing on September 8, 2010, to clarify that the motion was made by and on behalf of Keller Industries. The court held a hearing on Keller Industries's Motion to Set Aside Default on April, 11, 2011.

## DISCUSSION

Fed.R.Civ.P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." When deciding whether to set aside an entry of default, a district court should consider: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 416 (4th Cir. 2010).

3

The United States Court of Appeals for the Fourth Circuit has repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *See e.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.")

Keller Industries asserts that the entry of default against it should be set aside because it can demonstrate good cause. Krantz opposes Keller Industries's request to lift the default on the grounds that Keller Industries knowingly allowed default to be entered against it by ignoring the Amended Complaint and failing to appear in this action. Krantz further argues that, even after the entry of default, Keller Industries intentionally chose to rely on KLI, Inc's assertion of various legal theories instead of appearing to challenge the actions against it on its own behalf, and therefore, Keller Industries should not be heard to complain about the entry of default.

In considering this motion, the court recognizes that the circumstances of this case are atypical from those which the court generally finds in evaluating a motion to lift a default. Of particular interest is the relationship between Keller Industries and KLI  Specifically, since the beginning of this litigation, counsel for KLI has contested the issue of successor liability and advocated a position which would have essentially prevented judgment against it.  It is this very position which precipitated Krantz's amendment of the original Complaint to include Keller Industries in its own capacity.  While acting to protect his claim through the amendment, Krantz also recognized that the legal positions taken by KLI may have been simply a matter of posturing and sought guidance from KLI's counsel regarding counsel's intentions to provide joint representation

4

of the now separate defendants.  It was only after Krantz was informed by KLI's counsel that they did not represent Keller Industries that Krantz pursued service of process on Keller Industries.

After accomplishing service on Keller Industries, Krantz again communicated with KLI's counsel regarding representation for Keller Industries and understood that counsel did not intend to answer the Amended Complaint on behalf of Keller Industries.  Based on this understanding and because Keller Industries did not answer the Amended Complaint, Krantz requested the entry of default.  Without appearing on behalf of Keller Industries, KLI vigorously opposed the entry of default against Keller Industries and also sought to quash service on Keller Industries.  Default was entered against Keller Industries and the court denied KLI, Inc's efforts to quash service on Keller Industries.[1]

---

[1]The court denied KLI's Motion to Quash Service [Doc. 49] in a text order dated August 30, 2010 [Doc. 56].  Although neither party requested amendment of that order, KLI and Keller Industries appear to continue their arguments regarding the effectiveness of service.  Federal Rule of Civil Procedure 4(h) governs service upon corporations and allows service by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  The rule also allows service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.  *See* Fed. R. Civ. P. 4(e)(1). In this case Krantz effected service of process by delivering a copy of the Summons and Amended Complaint to Keller Industries's registered agent in Florida and California.  Although Keller Industries was granted a dissolution in bankruptcy proceedings in Deleware, it did not terminate its registered agent for service in Florida.  Additionally, under Florida law a dissolved corporation may still be sued in its own name and dissolution of the entity does not revoke the status of a registered agent.  *See* Fla. Stat. 607.1405(2)(e) and (g) (providing that dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name or terminate the authority of the registered agent of the corporation.)  Furthermore, even if service was ineffective in Florida, Krantz also attempted service on Keller Industries's registered agent in California.  Keller Industries has not challenged service on The Prentice Hall Corporation Systems in California.

Keller Industries did not make any appearance in this action until almost four months after the entry of default and approximately a year after KLI first set in motion Krantz's pursuit of Keller Industries individually.  In support of the request to set aside the entry of default, Keller Industries now asserts defenses substantially similar to those originally asserted by KLI and represents that it will adopt all discovery which had previously occurred between Krantz and KLI.  Counsel for Keller Industries additionally conceded the issue of successor liability during the hearing on this motion in an effort to reinforce the absence of prejudice to Krantz should the court lift the default.

Most interestingly, Keller Industries is currently represented in this action by the same counsel that has represented KLI since the commencement of the matter.   Although counsel for defendants has been careful to maintain separateness in advocating the positions of the two, the court would be remiss if it failed to acknowledge the dichotomy between the current joint representation of the defendants by counsel and the strategic positions previously asserted by the same counsel.  It seems that the entry of default could have been entirely avoided.   However, while the court believes that different strategic decisions could have been made to avoid unnecessary litigation, the court also believes that this case warrants resolution on its merits.

Although not prosecuted in the name of Keller Industries, the request for the entry of default was promptly opposed even before default was actually entered by the clerk.  Additionally, the court has considered that the strategic decisions of counsel in this case do not necessarily amount to culpability or dilatory actions on the part of Keller Industries.  Throughout this litigation, counsel has encouraged the court to disregard service on Keller Industries on the grounds that service was ineffective and that the dissolution of Keller Industries prevented the institution of any action against Keller Industries - two legal theories that could have obviated Keller Industries's participation in this

6

case. Although the objections to service ultimately proved to be unsuccessful and were possibly prosecuted through the wrong party, the court does not find that either KLI or Keller Industries harbored any intent or purpose to thwart judicial proceedings.

In addition to the courts' analysis of the factors above, the court finds that Krantz will suffer minimal prejudice if the court sets aside the default against Keller Industries. Krantz simply argues that he will be prejudiced by having to prove his case. Generally, there is no cognizable prejudice in requiring a plaintiff to prove a defendant's liability. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (indicating that delay, or requiring a plaintiff to prove his case does not constitute prejudice); *see also* 10A CHARLES ALAN WRIGHT & ARTHER R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2699 (3rd ed. 2010). Instead, a plaintiff must show something more than mere delay to establish this prejudice, such as loss of evidence, greater difficulty in discovery or trial, or opportunity for fraud and collusion. In this case, Krantz is only slightly prejudiced, if at all, by the increased litigation, and actually will be alleviated of the burden of proving the previously contested issue of successor liability as counsel for Keller Industries conceded the successor relationship of the defendants at the hearing on this matter.

The only factor which weighs against the lifting of the default is Keller Industries's assertion of a meritorious defense. To establish the existence of a "meritorious defense" the defaulting party must make a presentation or proffer of evidence, which, if believed, would permit a finding for the defaulting party. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Keller Industries has submitted a proposed answer to Krantz's Amended Complaint which includes the defenses of comparative negligence, intervening negligence, and misuse. These defenses could have some merit.

7

But, a defaulting party must do more than simply list possible defenses to demonstrate the existence of a meritorious defense. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) (finding that a mere conclusion that the plaintiff breached the contract fell far short of providing the court with a satisfactory explanation of the merits of the defense.) Keller Industries has presented no statement of underlying facts to support the defenses it asserts and submits no evidence at all for the court's consideration of whether the asserted defenses have any merit. Because Keller Industries has not proffered any evidence, it has not carried its burden to demonstrate the existence of a meritorious defense. However, given the unique circumstances of this case, the court has also considered that these same defenses were asserted by KLI early in the case and that Krantz has had considerable notice of the defenses.

While the court finds that it is appropriate to set aside the entry of default in this case, the court also recognizes that Krantz has incurred significant costs in pursuing the entry of default and defending Keller Industries's current motion, which could have been avoided had counsel not engaged in the strategic exercise of prosecuting Keller Industries's interests in this matter in the name of KLI Therefore, the court exercises its discretion to impose a penalty or sanction against Keller Industries and its counsel for the waste of resources occasioned by the inefficient manner in which it responded to Krantz's claims. *See, e .g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987) (setting aside the default and noting that the district court could have imposed less drastic sanctions such as an awarding the non-defaulting party the costs and expenses, including attorneys' fees, attendant to the default and delay); *see also Tietex Interiors v. American Furniture Mfg., Inc.*, 2008 WL 906318 (W.D.N.C. 2008) *and Chaffin v. NiSource, Inc.*, 2008 WL 4811028 (S.D. W.Va. 2008). Accordingly, Keller Industries and its counsel shall pay to Krantz reasonable

8

attorney's fees and costs associated with pursuing the entry of default and defending this current motion.

CONCLUSION

For the foregoing reasons, the court **GRANTS** Keller Industries's Amended Motion to Set Aside Default [Doc. 59]. The court further awards Krantz reasonable attorney's fees and costs as a sanction for Keller Industries's surreptitious conduct. Krantz shall submit his request for fees and costs to the court within thirty (30) days of the entry of this order. Keller Industries shall submit its response to Krantz's request, if any, within ten (10) days of Krantz's filing.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
United States District Judge

Greenville, South Carolina
May 2, 2011