IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Walter Krantz, | ) |
|            Plaintiff, | ) C.A. No.: 6:09-cv-01623-JMC |
| v. | ) **OPINION AND ORDER** |
| KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc. and Keller Industries, Inc., | ) |
|            Defendants. | ) |

Before the court is Plaintiff Walter Krantz's Request for Fees and Costs [Doc. 87]. In its Order [Doc. 83] granting Defendant Keller Industries, Inc.'s ("Keller Industries") Amended Motion to Set Aside Default [Doc. 59], the court awarded Plaintiff reasonable attorney's fees and costs associated with pursuing the entry of default and defending Keller Industries's motion as a sanction for Keller Industries's conduct. The court further ordered Plaintiff to submit his request for fees and costs to the court. Plaintiff filed a request for fees and costs requesting that the court award Plaintiff attorney's fees totaling $42,905.00 and paralegal fees totaling $112.50, for a total award of $43,017.50. Defendants have filed a response in opposition to Plaintiff's request for attorney's fees. Having carefully considered Plaintiff's requested fees, the court awards Plaintiff fees in the amount of $29,543.50.

1

## Factual and Procedural History

This lawsuit arises out of injuries sustained by Plaintiff, on January 4, 2007, when he fell from the roof of a residence while using a ladder manufactured by Keller Industries. To recover for the injuries he sustained as a result of the fall, Plaintiff filed this action on June 18, 2009, against "KLI, Inc., d/b/a KLI Global, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Corp., f/k/a Keller Industries, Inc., a foreign corporation." Counsel answered the Complaint on behalf of KLI, Inc. ("KLI") and denied that KLI had assumed any liability for the actions of Keller Industries. Plaintiff then amended the Complaint to assert the action against KLI and Keller Industries as separate entities. After confirming that KLI's counsel did not represent Keller Industries, Plaintiff attempted to serve Keller Industries by sending a Summons and Amended Complaint, via certified mail, addressed to "C.T. Corporation Systems, 1200 South Pine Island Rd., Plantation, FL 33324" and to "The Prentice Hall Corporation Systems, 2730 Gateway Oaks Dr., Suite 100, Sacremento [sic], CA 95833."

Shortly after Plaintiff attempted service, C.T. Corporation returned the Summons and Complaint to Plaintiff's counsel under the contention that it no longer represented Keller Industries in the capacity of registered agent for service. However, at the time of service, Keller Industries remained listed with the Florida Secretary of State's office under an inactive status and C.T. Corporation remained listed as Keller Industries's registered agent. C.T. Corporation did not resign as registered agent for Keller Industries until after it accepted service of the Amended Complaint and filed documents with the Florida Secretary of State's office indicating its resignation as registered agent for Keller Industries in July 2010. The Prentice Hall Corporation Systems accepted service and did not return or correspond with Plaintiff's counsel indicating otherwise.

Counsel for KLI accepted service and answered on behalf of KLI, but did not accept service on behalf of or answer for Keller Industries. In the Answer to the Amended Complaint, KLI admitted that "KUA Corp. purchased certain assets and assumed certain liabilities of the ladder division of Keller Industries, Inc." when Keller Industries went bankrupt in 1996 and further expressly denied that KLI assumed liabilities for all ladders designed, manufactured or sold by Keller Industries. Keller Industries did not answer the Amended Complaint, and Plaintiff filed a Motion for Default [Doc. 23] on November 10, 2009. Counsel for KLI, without asserting any representation on behalf of Keller Industries, opposed the Motion for Default asserting that Keller Industries no longer existed as a company due to certain bankruptcy filings. The clerk entered default on May 5, 2010.

On June 30, 2010, counsel for KLI filed a Motion to Quash Service [Doc. 49] requesting that the court find that Keller Industries had not been properly served, that the entry of default be set aside, and that Keller Industries be dismissed from the action. In the motion, KLI argued that CT Corporation was not Keller Industries, Inc.'s registered agent at the time of Plaintiff's attempted service and that Plaintiff's counsel's representation that service was effected on "Keller Industries, Inc." was false. KLI did not argue that Plaintiff's attempted service on The Prentice Hall Corporation Systems as registered agent for Keller Industries in California was ineffective. In a text order dated August 30, 2010, [Doc. 56] the court denied KLI's Motion to Quash Service.

The same counsel that had previously appeared only on behalf of KLI filed a Motion to Set Aside Default [Doc. 59] on September 3, 2010. Counsel amended that filing on September 8, 2010, to clarify that the motion was made by and on behalf of Keller Industries. The court held a hearing on Keller Industries's Motion to Set Aside Default on April, 11, 2011. The court granted Keller

Industries's motion; however, as a sanction for Keller Industries's conduct, the court awarded Plaintiff reasonable attorney's fees and costs associated with pursuing the entry of default and defending the Keller Industries's Motion to Set Aside Default. The court further ordered Plaintiff to submit his request for fees and costs to the court. Plaintiff filed a request for fees and costs requesting that the court award Plaintiff attorney's fees totaling $42,905.00 and paralegal fees totaling $112.50, for a total award of $43,017.50. Defendants have filed a response in opposition to Plaintiff's request for attorney's fees.

## Discussion

Upon finding that an award of attorney's fees is appropriate, the court is charged with determining the reasonable amount of fees to award to the petitioning party. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010). The court's determination of the reasonableness of a fee award begins with the court's calculation of the lodestar figure. *See Robinson v. Equifax Information Srvs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* The Fourth Circuit has adopted a 12-factor test for making a lodestar determination. These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The court may find that some of the factors are inapplicable; as such, these factors do not need to be strictly applied. *See E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990).

1. Time and Labor Expended

Plaintiff contends that counsel expended approximately 142.3 hours of labor in relation to pursuing the entry of default and defending Keller Industries's Amended Motion to Set Aside Default [Doc. 59]. This includes 1.5 hours of paralegal labor at a rate of $75.00 per hour, 55.8 hours of attorney labor at a rate of $350.00 per hour and 85 hours of attorney labor at a rate of $275.00 per hour. However, the court denies Plaintiff's request for fees related to 1.5 hours of paralegal labor and two hours of attorney labor (at a rate of $350.00 per hour) expended in relation to Plaintiff's Amended Complaint. Further, the court notes that Plaintiff has submitted time records for two attorneys working on this matter. While the court does not find it unreasonable to associate two attorneys on this matter, a careful review of the submissions indicates that there is substantial overlap and duplication of efforts in the work. For example, Ms. McVey has submitted that she spent approximately twelve hours on research and preparation of a brief in opposition and Mr. Patrick submits approximately five hours on the same matter. Similarly, Ms. McVey submits 10.5 hours for work on a surreply, while Mr. Patrick submits approximately six hours on the same matter. This type of duplication exists throughout the attorney's submissions. In order to account for the overlap in counsel's efforts, the court finds it reasonable to apply a thirty percent reduction of each attorney's submitted hours to the calculation of attorney's fees to be awarded.

2. Novelty and Difficulty of the Questions Presented by the Lawsuit

This lawsuit involves claims which commonly arise in cases of alleged product liability. However, as the court noted in its order, the circumstances of this case are atypical from those which the court generally finds in evaluating a motion to lift a default. Further, as the court has noted, Plaintiff has invested significantly in pursuing the entry of default and defending Keller Industries's motion, which could have been avoided had Defendants not engaged in the strategic exercise of defending Keller Industries's interests in this matter in the name of Defendant KLI.

3. Skill Required to Properly Perform the Legal Service

The court finds that Plaintiff was justified in engaging knowledgeable and competent counsel to prosecute his claims.

4. Preclusion of Other Employment Opportunities

Plaintiff's counsel appear to be prosecuting Plaintiff's claims on a contingency fee basis. In expending time in relation to pursuing the entry of default and defending Keller Industries's motion, Plaintiff's counsel lost amounts that they could have earned working for other clients.

5. Customary Fee and Nature of Fee

Defendants have not disputed Plaintiff's requested hourly fee.

6. Attorney's Expectations at the Outset of the Litigation

As the fees in question are in relation to only a particular segment of the case, and this case has not yet gone to trial, the court finds that this factor does not affect the attorney's fees in question here.

7. Time Limitations Imposed by the Client or Circumstances

 The court finds that this factor does not affect the attorney's fees in question here.

8. Amount in Controversy and the Results Obtained

 The court finds that this factor does not affect the fees in question. The fees in question here are only in relation to a particular segment of the case, and this case has not yet gone to trial. Further, while Defendants prevailed in their motion, the court found in its Order that Defendants' conduct warranted an award of fees in favor of Plaintiff.

9. The Experience, Reputation, and Ability of Attorneys

 Defendants have not disputed the experience, reputation, or ability of Plaintiff's counsel in relation to the proposed hourly fee.

10. The Undesirability of the Case within the Legal Community

 The court finds that this factor does not affect the fees in question.

11. Nature and Length of the Attorney's Professional Relationship with the Client

 The court finds that this factor does not affect the fees in question.

12. Fee Awards in Similar Cases

 Defendants have not disputed Plaintiff's proposed hourly fee in relation to fee awards in similar cases.

 Based on the court's evaluation above, the court determines that the factors weigh in favor of granting Plaintiff's request for fees based upon 37.66 hours of attorney labor at a rate of $350.00 per hour and 59.5 hours of attorney labor at a rate of $275.00 per hour.

**Conclusion**

For the reasons set forth above the court **GRANTS** Plaintiff's petition for attorney's fees.

The court finds that Plaintiff is entitled to attorney's fees in the amount of $29,543.50.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 5, 2011
Greenville, South Carolina